# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN WILLIAMS, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 07cv901 (RBW) |
| | ) |
| SAMUEL BODMAN, | ) |
| Secretary | ) |
| U.S. Department of Energy, et al. | ) |
| | ) |
| **Defendants.** | ) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) |

## DEFENDANTS' MOTION TO DISMISS

Defendants, Samuel Bodman, Secretary of the United States Department of Energy, Stephen F. Durbin and Andre Fordham respectfully request that this Court strike Counts Two and Three of the Complaint pursuant to Fed. R. Civ. P. 12(f) as redundant, and further request that the Court dismiss the remainder of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Specifically, the Court should (1) dismiss the individually-named defendants, Stephen F. Durbin and Andre Fordham, because the only appropriate defendant in a Title VII action is the head of the agency, and not individual federal employees; and (2) dismiss the Complaint because it was untimely filed with the Court. In support of this motion, Defendants respectfully refer the Court to the accompanying memorandum of Points and Authorities.

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits may be accepted by the Court as true unless the Plaintiff submits her own affidavit or other documentary evidence contradicting the assertions therein. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

Furthermore, should this Court treat Defendants' Motion to Dismiss as a Motion for

Summary Judgment because of the documents attached, the Federal Rules of Civil Procedure

provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); see Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may

lose if he fails to respond to a dispositive motion).

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH  CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CAROLYN WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 07cv901 (RBW)** |
| | ) | |
| **SAMUEL BODMAN,** | ) | |
| **Secretary** | ) | |
| **U.S. Department of Energy, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff filed this action on May 14, 2007. Her Complaint describes a myriad of discrimination and retaliation allegations which she claims are within this Court's jurisdiction pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. ("Title VII"). Complaint at 3 (Jurisdiction). This is an action in which Plaintiff alleges that her employer, the Department of Energy, discriminated against her on account of her race, and retaliated against her for engaging in protected activity. See generally Complaint at Counts One, Two and Three (each count entitled "Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964 as amended and the Civil Rights Act of 1992"). Plaintiff seeks restoration of her federal employment, an injunction enjoining "Defendant from imposing a hostile environment among Blacks, aged 40 to 70, with prior EEO activity," lost wages and benefits, compensatory damages, attorneys' fees, and other relief. See Complaint at p. 31-34. The Court should dismiss Plaintiff's discrimination claim because she failed to timely file her civil action after the EEOC denied her claim on its merits.

## FACTUAL BACKGROUND

Plaintiff is a former employee with the Department of Energy, assigned to the Office of Resource Management, Energy Information Administration (EIA). Complaint at 8. From the Complaint, it appears that EIA encountered problems with Plaintiff's performance, and she was eventually removed from her federal employment. Complaint at 30.

Plaintiff filed an EEO complaint on May 15, 2001. Complaint at 3. Upon completion of the investigation, Plaintiff requested a hearing before an EEOC Administrative Judge. Notice of Final Order (Def. Exh. 2) at 2. At the conclusion of the hearing, the Administrative Judge (AJ) issued a decision from the bench, which was later provided in written form to the parties, finding that Plaintiff was not a victim of unlawful discrimination or harassment. Order Entering Judgment at attached transcript of Bench Decision (Def. Exh. 1). The AJ did find, however, that one of Plaintiff's supervisors made a statement that was *per se* retaliatory, but that the statement was an isolated incident that did not have a chilling effect on the Plaintiff's exercising her EEO rights, and further that Plaintiff failed to establish a link between the supervisor's statement and her protected activity. Id. at 13. Accordingly, the agency issued a Notice of Final Order on August 31, 2005, implementing the AJ's decision. Def. Exh. 2.[1]

Plaintiff timely appealed the AJ's decision on the merits. Notice of Appeal/Petition to the Equal Employment Opportunity Commission (Def. Exh. 5). After briefing by the parties, the

---

[1]    On September 9, 2005, Plaintiff filed a Submission for Attorney's Fees. See Order (Def. Exh. 3) at 1. After briefing by the parties, the AJ issued an order denying Plaintiff's request for attorney's fees, finding that Plaintiff was not a prevailing party under the fee shifting provisions of Title VII. Id. at 2. The agency issued a Notice of Final Order with respect to the attorney's fees request on October 17, 2005. Notice of Final Order (Def. Exh. 4). Plaintiff did not appeal this decision.

EEOC issued a decision on April 5, 2006, finding that the AJ's decision "properly summarized the relevant facts and referenced the appropriate regulations, policies, and laws." Decision (Def. Exh. 6) at 4. Accordingly, the EEOC affirmed the AJ's decision and the agency's final order. Id. In its Decision, the EEOC notified Plaintiff of her appeal rights, including the requirement that if she was not satisfied with the result, she must file a Request for Reconsideration with the EEOC within 30 days of the receipt of the Decision, or file a civil action with the United States District Court within 90 days of the receipt of the Decision. Id. at 6. Plaintiff was warned that failure to comply with the time periods will result in the dismissal of her case. Id. at 7. Plaintiff did not file any Request for Reconsideration on the merits.[2]

On May 14, 2007 – 13 months after she was provided the final decision of the EEOC on the merits, Plaintiff filed this civil action. See generally Complaint.

## ARGUMENT

### I.    THE GOVERNING LAW.

The standard to be applied in deciding a motion to dismiss is well-established. For purposes of deciding whether a plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader. Caudle v. Thomason, 942 F. Supp. 635, 638 (D.D.C. 1996). Despite this generous standard, the complaint still must set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief

---

[2]    In May 2006, both Plaintiff and the agency filed requests for reconsideration on procedural grounds. EEOC Denial (Def. Exh. 7). Neither party sought reconsideration on the merits. Id. On February 8, 2007, the EEOC issued a Denial, finding that both parties failed to establish the requirements for reconsideration. Id. at 3.

3

can be granted.  See Bell Atlantic Corp. v. Twombly,  __U.S. __, 127 S.Ct. 1955, 1969 (2007)

("once a claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations in the complaint").  A court must dismiss a complaint where, even

assuming all the factual allegations are true, the plaintiff has failed to establish a right to relief

based upon those facts.

### A.    Motion to Dismiss Under Federal Civil Rule 12(b)(6).

In making determinations on a motion to dismiss under Rule 12(b)(6), a court must view

facts alleged in the complaint in the light most favorable to the plaintiff.  Conley v. Gibson, 355

U.S. 41, 45-46 (1957) (opinion limited by Twombly, 127 S.Ct. 1955); Nix v. Hoke, 139 F. Supp.

2d 125, 131 (D.D.C. 2001) (citing Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C.

Cir. 2001)); see also Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998).  However, while it

is necessary for the court to construe the complaint in the plaintiff's favor, the court "need not

accept inferences drawn by the plaintiff[ ] if such inferences are not supported by the facts set out

in the complaint." Kowal v. MCI Communications, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Furthermore, the Court is not required to accept plaintiff's legal conclusions, even when couched

as factual assertions.  See Papasan v. Allain, 478 U.S. 265, 286 (1986) (in determining a motion

to dismiss, a court need not accept as true conclusory allegations couched as a factual allegation).

See also Taylor v. FDIC, 132 F.3d 753, 762 (D.C. Cir. 1997) ("Courts accept plaintiffs'

allegations of fact, not their conclusions of law"); Major v. Plumbers Local Union No. 5, 370 F.

Supp.2d 118, 123 (D.D.C. 2005) ("Conclusory legal and factual allegations, however, need not

be considered by the court").  "Although the court must accept the plaintiff's version of the facts

as true, the court need not accept the 'plaintiff's characterization of the facts." Fisher Bros.

4

Sales Inc. v. United States, 46 F.3d 279, 286 (3rd Cir. 1995)) (emphasis in original).  "[A]

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do."  Twombly, 127 S.Ct. at 1964-65 (quoting Papasan, 478 U.S. at 286).   In this case, Plaintiff

fails to establish a right to relief on the substantive claims asserted.

### B.    Motion to Dismiss Under Federal Civil Rule 12(b)(1).

Requests for dismissal for lack of jurisdiction over the subject matter pursuant to Federal

Civil Rule 12(b)(1) require a similar standard of review as those for failure to state a claim.

However, a plaintiff bears the burden of establishing subject matter jurisdiction.  See Miller v.

United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Barid v. United

States, 653 F. 2d 437, 440 (10th Cir. 1981), cert. denied, 454 U.S. 1144 (1982).  A court may

resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two

ways.  First, the court may determine the motion based solely on the Complaint.  Herbert v.

National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine

the existence of jurisdiction, a court may look beyond the allegations of the Complaint, consider

affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See

id.[3/]  Applying these standards, Plaintiff's Complaint should be dismissed against the individually

named defendants, and further should be dismissed in its entirety.

---

[3/]      It is well-established that when a defendant challenges the substance of
jurisdictional allegations, it may use extraneous evidence to test those allegations without
converting the motion into one for summary judgment.  See Land v. Dollar, 330 U.S. 731, 735
n.4 (1947); Herbert v. National Academy of Sciences, 974 F. 2d 192, 197-98 (D.C. Cir. 1992);
Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc. v. Bestmann, 907
F.Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of Prisons, 882 F. Supp. 1116,
1120 (D.D.C. 1995); see also 11 Moore's Federal Practice, § 56.30[6] (Matthew Bender 3d ed.).

## II.    COUNTS TWO AND THREE SHOULD BE STRICKEN AS REDUNDANT.

Preliminarily, this Court should strike Counts Two and Three of the Complaint because they are repetitive assertions of a cause of action.  On its own initiative or in response to a party's motion, "the court may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  For the purposes of Fed. Civ. R. 12(f), a "redundant" matter "refers to allegations that constitute a needless repetition of other averments in a pleading." Cobell v. Norton, 224 F.R.D. 1, 3 (D.D.C. 2004).  For example, the court in Stewart v. Thomas, 538 F.Supp. 891, 894 (D.D.C.1982), struck a complainant's cause of action for "outrage" as redundant under Rule 12(f), because the complainant also asserted a separate claim for intentional infliction of emotional distress.  The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. Nwachukwu v. Karl, 216 F.R.D. 176, 178 (D.D.C. 2003) (citing Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664-65 (7th Cir.1992)).

Here, Counts Two and Three are verbatim recitations of Count One.  Plaintiff makes no distinction as to what actions each count relates to, nor does she specify how each count alleges different events or causes of action.  Accordingly, the Court should dismiss Counts Two and Three of the Complaint.[4]

---

[4]    To the extent that any portion of Plaintiff's Complaint survives Defendants' Motion to Dismiss, Defendants anticipate filing a Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e), as Plaintiff's Complaint contains 34 pages of narrative and conclusory description which violates the requirements of Fed. R. Civ. P. 8(a) for a "short and plain statement of the claim" and further fails to set forth numbered paragraphs or allegations such that Defendants can reasonably frame a responsive pleading.

III.    **THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED AS PARTIES.**

Title VII of the Civil Rights Act explicitly provides that the proper defendant in a federal employment discrimination or retaliation case is the "head" of the department or agency. 42 U.S.C. § 2000e-16(c). Under this provision, the proper remedy is to dismiss the matter as to the individual defendants, and allow the Plaintiff to proceed solely against the only proper defendant, here the Secretary of the United States Department of Energy. Jarrell v. U.S. Postal Service, 753 F.2d 1088, 1091 (D.C. Cir. 1985); Davis v. Califano, 613 F.2d 957, 958 n. 1 (D.C. Cir.1980).[5/]

IV.    **PLAINTIFF'S CIVIL ACTION IS UNTIMELY.**

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*., as amended, forbids employment discrimination and retaliation for engaging in protected EEO activity. In Section 717 of Title VII, 42 U.S.C. § 2000e-16, Congress established the exclusive remedy for federal employee complaints, see Brown v. General Services Admin., 425 U.S. 820, 835 (1976), and waived the government's sovereign immunity to permit discrimination suits against federal agencies. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990), *rehearing denied*, 498 U.S. 1075 (1991).

This waiver of sovereign immunity, however, is subject to "certain preconditions." Brown, 425 U.S. at 832. A plaintiff must first seek relief in the agency that allegedly discriminated against her before filing suit by following the procedures outlined in 29 C.F.R. Part 1614. See id. at 831-32; 29 C.F.R. § 1614.106(a). If the complainant is not satisfied with the result at the agency or EEOC level, she must either file a request for appeal or reconsideration

---

[5/]    Moreover, none of the individual Defendants has been properly served in accordance with the Federal Rules of Civil Procedure so dismissal of the individual Defendants is also appropriate under Fed. R. Civ. P. 12(b)(5).

with the EEOC within 30 days of receipt of that order, 29 C.F.R. §1614.405; or file a civil action "[w]ithin 90 days of receipt of notice of final action taken by" the employing agency.  42 U.S.C. §2000e-16(c); 29 C.F.R. §1614.407 (2000).

The requirement that an aggrieved employee must first seek relief in the agency that has allegedly engaged in discrimination is "not a mere technicality."  Park v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995), cert. denied, 519 U.S. 811 (1996).  Rather, "it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." Kizas v. Webster, 707 F.2d 524, 544 (D.C. Cir. 1983), cert. denied, 464 U.S. 1042 (1984).  The "sine qua non for civil action is the filing of a complaint [with the agency]."  Porter v. Adams, 639 F.2d 273, 276 (5th Cir. 1981); see also Brown, 425 U.S. at 833 (noting that Title VII "provides for a careful blend of administrative and judicial enforcement powers.").   Indeed, the Supreme Court has cautioned that congressionally mandated time requirements "for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (per curium).

The deadline to file a civil action is not jurisdictional, but operates like a statute of limitations.  Bayer v. U.S. Department of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); Gilmore v. Reno, 33 F.Supp.2d 20, 24 (D.D.C. 1998).  Thus, equitable tolling is permissible only in narrowly tailored circumstances.  Irwin, 498 U.S. at 95-96 ("federal courts have typically extended equitable relief only sparingly....  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal

rights."). Plaintiff bears the burden of pleading and proving equitable reasons for failure to comply with this requirement. Bayer, 956 F.2d at 333; Smith v. Dalton, 971 F. Supp. 1, 3 (D.D.C. 1997). The power to equitably toll a statute of limitations, however, is "exercised only in extraordinary and carefully circumscribed instances." Smith-Haynie v. District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (internal quotations and citation omitted). None of the factors supporting equitable tolling are present here.

Here, Plaintiff clearly filed her civil action outside of the time required under Title VII. The Decision from the EEOC clearly sets out Plaintiff's obligations to preserve her claim with the District Court. The notice specifically sets forth that if she wished to appeal the decision of the EEOC, she must file a request for reconsideration within 30 calendar days after receipt of the Decision, and if she wanted to file a civil action with the appropriate United States District Court, she must file within 90 days of receipt of the Final Order. Def. Exh. 6. Plaintiff failed to request reconsideration on the merits. Thus, her civil action challenging the matter on the merits of her claim was to be filed on or before Monday, July 9, 2006. Plaintiff's civil complaint was not filed until May 14, 2007 – 13 months after she was provided the final decision of the EEOC and 10 months after the date due. See generally Complaint.

Nor does the fact that Plaintiff sought reconsideration before the EEOC on procedural matters revive her claim on the merits. EEOC regulations specify that when a complainant, or any party, fails to "respond fully and in a timely fashion to an order" the matter may be considered to be established against that complainant. 29 C.F.R. § 1614.109(f)(3). See also Contreras v. Ridge, 305 F. Supp. 2d 126, 131 (D.D.C. 2004) ("the EEOC's findings on the issue of timeliness are not 'rendered irrelevant [by the fact that] federal employees [are] permitted to

seek de novo review in district court because '[p]rior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo.' ") (*quoting* Timmons v. White, 314 F.3d 1229, 1234-35 (10th Cir.2003)).  Here, the only issue responded to by Plaintiff in her Request for Reconsideration was a procedural matter concerning discovery.  Def. Exh. 8.  Accordingly, the only issue that can be raised before this Court is the determination as to whether the EEOC abused its discretion in denying Plaintiff's procedural objection.  See Ganheart v. Lujan, 733 F. Supp. 1053, 1058 (E.D. La. 1990) (*de novo* review by the court is limited to only those issues raised by complainant and addressed by the EEOC below).[6/]  Plaintiff, however, apparently seeks judicial review of the merits of the claim, not the procedural objection that she properly preserved.

In summary, Plaintiff failed to satisfy the exhaustion requirement and can not demonstrate any extraordinary circumstances that would support equitable tolling.  Accordingly, her attempt to obtain judicial review or any relief on the merits for any alleged acts of discrimination or retaliation must be dismissed.

---

[6/]    In Ganheart, the complainant filed an administrative appeal of the EEO Final Decision well-outside the prescribed time period, and then filed a civil action with the District Court after the appeal was denied as untimely.  733 F. Supp. at 1055.  The court found that the only issue preserved by the complainant was whether the EEOC abused its discretion in denying plaintiff's tardy appeal.  Id. at 1058.  Based upon the grounds raised in the administrative proceeding, the court found that it was unable to say that the EEOC abused its discretion.  Id.

Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843


11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 4, 2007, the foregoing Motion to Dismiss was sent, by first-class mail, postage pre-paid, to the Plaintiff, Carolyn Williams, 8931 Town Center Circle, Unit 308, Upper Marlboro, MD 20774.

                                             ___/s/ Darrell C. Valdez_____
                                             DARRELL C. VALDEZ
                                             Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROLYN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07cv901 (RBW) |
| | ) |
| SAMUEL BODMAN, | ) |
| Secretary | ) |
| U.S. Department of Energy, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>ORDER</u>

UPON CONSIDERATION of the Defendants' Motion to Dismiss, any opposition thereto, and the record herein, and it appearing that the individual defendants are improper parties to this matter, and that Plaintiff's Title VII civil complaint is untimely, it is this _____ day of August, 2007, hereby

ORDERED, that the Motion to Dismiss is Granted, and it is further

ORDERED, that the Complaint is dismissed with prejudice.


_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

# U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## WASHINGTON FIELD OFFICE
### 1801 L Street, N.W., Suite 100
### Washington, D.C. 20507-1002

| | |
|---|---|
| Carolyn Williams,       )<br>       Complainant,    )<br>               )<br>v.                      )<br>               )<br>Spencer Abraham, Secretary,   )<br>Department of Energy       )<br>       Agency          )<br>               ) | EEOC Nos.   100-2002-07834X<br><br>Agency Nos.   01(67) HQ/EIA<br>                02(31) HQ/EIA |

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision from the bench issued on May 13, 2005, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached to the Decision.

This office is also enclosing a copy of the hearing record (documents generated during the hearing process), and the hearing exhibits for the agency. The Agency already has a copy of the hearing transcripts. A copy of the hearing transcript and the Decision has been mailed to the Complainant's attorney of record. This office will hold the report of investigation for sixty days, during which time the agency may arrange for its retrieval, by calling Kimberly Byrd at (202) 419-0705. If we do not hear from the agency within sixty days, we will destroy our copy of these materials.

For timeliness purposes, it shall be presumed that the parties received the foregoing Decision within five (5) calendar days after the date they were sent *via* first class mail.

It is so ORDERED.

Date: *August 11, 2005*

*Gladys O. Collazo*
Gladys O. Collazo
Administrative Judge

TO:
Poli Marmolejos, Director
Office of Civil Rights
Department of Energy
1000 Independence Avenue, S.W.
Room 4B112
Washington, D.C. 20585

EXHIBIT

1

Carolyn Williams
c/o Richard H. Semsker
Lippman Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814

Richard H. Semsker
Lippman Semsker & Salb, LLC
7700 Old Georgetown Road, Suite 500
Bethesda, MD 20814

Alex Bailey
Department of Energy
Office of General Counsel
1100 Independence Avenue, S.W.
Washington, D.C. 20585

5

1                        *BENCH DECISION*

2                *The claims in this case are:*

3                *(1) Whether Complainant was discriminated*

4     *against on the basis of her age(over 40), and*

5     *race(African American) and retaliated against for prior*

6     *protected activity when:*

7                *(a) She was performing the duties of a GS-11, but*

8     *paid at the rate of a GS-9 grade level while on a*

9     *detail.*

10                *(b) She received a lower performance appraisal*

11    *than she deserved.*

12                *(c)  She was threatened by her second*

13    *level supervisor when he stated that her federal career*

14    *will be affected by her EEO activity.*

15                *(d) She was threatened and verbally intimidated at*

16    *meetings with her supervisors.*

17            *And (e) she received unnecessary and arbitrary*

18    *assignments so that she would fail to meet her*

19    *performance deadlines.*

20                *(2) Whether Complainant was discriminated*

21    *against on the basis of her race(African American) and*

22    *sex(female) and retaliated against for prior protected*

23    *activity when:*

24                *(a) Management exhibited a harassing behavior*

25    *towards Complainant such that she was forced to leave*

6

1    the building and was placed on involuntary leave for

2    six months.

3        (b) When Complainant returned to work she was

4    placed on a performance improvement plan, denied

5    training and made to sit in an open area.

6        (c) Management removed Complainant's assigned

7    telephone number and voice mail.

8        (d) Management disconnected Complainant's

9    computer.

10        (e) Management downgraded Complainant's security

11    clearance.

12        (f) Management informed Complainant that she was

13    now occupying a temporary position and would be

14    performing different job duties.

15        (g) Management issued Complainant a lower

16    performance appraisal.

17        (h) Management packed 12 boxes of Complainant's

18    office items and placed them in an open area.

19        And (I) Management made harassing and intimidating

20    statements to Complainant while allowing her

21    insufficient time to read a 16 page document.

22                        ANALYSIS

23        ISSUE 1: Disparate Treatment and Terms and

24    Conditions of Employment:

25            In the absence of direct evidence Complainant

1    *initially must establish by a preponderance of the*

2    *evidence at least a <u>prima facie</u> case of discrimination.*

3    *I will omit the usual citations to the cases.*

4    *For a case involving disparate treatment*

5    *regarding terms and conditions of employment a*

6    *complainant may do so by proving that as a member of a*

7    *protected group she was treated differently than*

8    *similarly situated persons not of her protected group.*

9    *For a <u>prima facie</u> case of retaliation, Complainant may*

10   *show that she engaged in protected EEO activity, a*

11   *relevant agency official was aware of the protected*

12   *activity, and agency action subsequently adversely*

13   *affected her, and the action in question followed the*

14   *protected activity within such a time that a*

15   *retaliatory motive may be inferred.*

16   *If Complainant establishes a <u>prima facie</u> case*

17   *of discrimination or retaliation, the burden then is on*

18   *the agency to articulate a legitimate non*

19   *discriminatory reason for its challenged actions.    If*

20   *the agency does so, the <u>prima facie</u> inference drops*

21   *from the case and Complainant then has to prove by a*

22   *preponderance of the evidence that the ~~inferred~~ proffered*

23   *explanation is a pretext for unlawful discrimination.*

24   *Complainant always retains the ultimate burden of*

25   *persuading the trier of fact that the agency unlawfully*

1    discriminated against her.

2        The evidence in this case showed that

3    sometime in late 1998 Complainant, who then worked in

4    the Defense Program, DP, as a program specialist was

5    RIFed and downgraded to a GS, Secretary Position, and

6    transferred to Germantown, Maryland.  Complainant did

7    not want to go to Germantown, and effective January 8,

8    1999, she secured and began a detail to the Office of

9    Resource Management, Energy Information Administration,

10    EIA, under the immediate supervision of Barbara Hall.

11    Complainant's second level supervisor was Steve Durbin.

12    This detail was to "unclassified duty", GS-9 position,

13    assisting Hall.  When arranging the detail, Complainant

14    informed Hall that she had filed complaints of

15    discrimination while at DP. Hall replied that it did

16    not matter to her whether the Complainant had filed

17    complaints of discrimination, that she needed the help.

18    The detail was extended several times.  Defense Program

19    paid Complainant's salary while on the detail to EIA.

20        In October 1999, Hall evaluated her as

21    outstanding.  Hall, however had to issue a composite

22    evaluation because Complainant had worked for DP.

23    Anthony Lane, Complainant's supervisor in DP, talked to

24    Hall and informed her that he considered Complainant's

25    work as "highly effective." Complainant's rating was

9

1    lowered to "highly effective." [handwritten]

2            In February 2000, Hall told Complainant that

3    she was "slipping" in her performance. Hall talked to

4    Durbin and expressed her reservations about Complainant

5    becoming a permanent member of her team because she and

6    Complainant had had some disagreements. Durbin told

7    Hall to offer Complainant a position because they

8    needed help, [handwritten: and] And in March 2000, Complainant was

9    officially reassigned to EIA as a program training

10   specialist, GS-9.

11           In June 2000, Complainant realized that she

12   was a GS-9 and complained to Hall and then to Durbin

13   that she should be a GS-11.

14           Hall instituted what she called a "dialogue

15   processing sheet" [handwritten] for the employees in her team to have

16   them inform her what they have done the previous week.

17   Although Complainant submitted some of her dialogue

18   sheets, she did not submit them in the time and manner

19   Hall desired. Complainant wanted to submit them by

20   email. Hall wanted them as an opportunity to provide

21   feedback to the employees. On July 25, 2000,

22   Complainant had a meeting with Hall about the dialogue

23   processing sheets and the Complainant's individual

24   development plan. [handwritten] Complainant reported to Security

25   that during their meeting, Hall yelled at her. She

EXECUTIVE COURT REPORTING, INC.

1    complained that Hall was subjecting her to work place

2    violence.

3         Assuming argumendo that Complainant presented

4    a _prima facie_ case of discrimination on the basis of

5    age, race and retaliation, I find that the Agency

6    articulated a legitimate, non discriminatory reason for

7    its actions.  Complainant was not performing the duties

8    of a training specialist, GS-11, while she ~~when~~ on the detail.

9    Complainant was not performing the full duties of

10   Danielle Balthasar, the employee who was the training

11   specialist, GS-11, for EIA who went to DP about the

12   same time Complainant came to work for EIA.

13   Complainant had been detailed to assist Hall in

14   administrative duties, including training, but

15   Complainant was not the contact person for training.

16   Hall was.  Furthermore, Personnel determined ~~that~~ the GS grade

17   for Complainant's position and it determined that

18   Complainant did not qualify for a training specialist

19   position, GS-11.  Before her downgrade to secretary GS-

20   8 at DP, Complainant was a program specialist.

21        Although Hall denied that she yelled at

22   Complainant, she admitted that she raised her voice at

23   Complainant when discussing work related matters.

24   However, I find that Complainant was not performing her

25   duties in the manner her supervisor wanted, and their

EXECUTIVE COURT REPORTING

1    meetings were hostile.  I also find that Complainant's

2    supervisor assigned her work that she considered

3    necessary for the office.  Complainant must now come

4    forth with evidence to rebut the articulated reasons.

5    Complainant failed to present evidence to rebut the

6    articulated reasons.  She did not present any evidence

7    that she was performing the full duties of the training

8    specialist position, as against simply helping process

9    the employees' training requests.

10    Complainant did not present any evidence that

11    her evaluation did not have to be a composite between

12    Hall and her supervisor in DP, and/or that the rating

13    given by her DP supervisor was not accurate or

14    discriminatory.

15    Likewise, Complainant did not provide any

16    evidence that her work assignments were not necessary

17    or important to the Agency.

18    Most important, Complainant failed to

19    present evidence that any of these actions and the

20    hostile meetings she had with her supervisor was

21    motivated by her age, and race or in retaliation for

22    her complaints of discrimination.  At most, the

23    evidence shows that Hall had an employee who did not

24    want to do what she asked of her, That Complainant

25    refused to meet with Hall to address Hall's concerns

1    that Complainant will leave the office every time Hall

2    wanted to talk to her and in general, that Hall could

3    not manage Complainant.

4          Furthermore, it is clear from the record that

5    both Hall and Durbin were aware of Complainant's race,

6    age, and prior complaints of discrimination when they

7    secured a detail for her, extended that detail several

8    times and subsequently made her a permanent employee of

9    EIA.  I, thus, find that the Agency did not

10   discriminate against Complainant on the above discussed

11   incidents.

12   However, ~~I find that violation in retaliation~~

13   ~~when Durbin told Complainant that her complaints will~~

14   ~~not be dismissed, I am sorry,~~ I find retaliation in

15   violation of the regulations when Durbin told

16   Complainant that her complaints ~~will~~ be dismissed, and

17   if she wanted to get ahead doing this would only make

18   it worse for her.  Although Durbin denied making the

19   statement, I believe Dorothy Pritchett who routinely

20   made notes about the work situation and made a note

21   contemporaneously with ~~the~~ incident shortly thereafter.

22   Managers should not make statements against the EEO

23   process, and/or employees availing themselves of their

24   rights.  And I am citing ~~Benson~~ Binsell versus Department of

25   the Army, EEOC Request number 05970584, October 8,

13

1    1998.

2            I also find that in this case Durbin's

3    statement was an isolated statement that did not have a

4    chilling affect on Complainant's exercising her EEO

5    rights.  She had filed complaints of discrimination

6    before she came to EIA and she filed complaints while

7    working there.  Furthermore, I reiterate that

8    Complainant failed ~~to show,~~ failed to present any

9    evidence that any of the alleged acts of discrimination

10   were motivated by retaliatory animus.  Most important,

11   she failed to present a link between her protected

12   activity, and the Agency's actions and/or between

13   Durbin's retaliatory comment and the Agency's action.

14           Complainant failed to present any evidence

15   that Hall, who initiated the actions against

16   Complainant was aware of Durbin's November 2000 comment

17   or that she shared his opinion. The evidence showed

18   that Hall was dissatisfied with Complainant's

19   performance and conduct since at least February of

20   2000.

21           Issue Number 2: Hostile Work Environment.

22           To establish a prima facie case of

23   harassment, Complainant must show that she was

24   subjected to unwelcome conduct,  The conduct complaint  of her

25   was based on prohibited basis,  ~~In this case~~

14

1   e.g., Complainant's race, sex or protected activity, The

2   conduct was sufficiently severe or persuasive to create

3   an abusive work environment, and the agency knew or

4   should have known of the harassment and failed to take

5   immediate and appropriate corrective action.  The

6   Supreme Court has stated that to be actionable, the

7   alleged conduct must be both objectively and

8   subjectively offensive, one that a reasonable person would

9   find hostile or abusive, And one that the victim, in

10  fact, did perceive to be so.

11         The evidence in this case showed that the

12  Agency subjected Complainant to most of the conduct she

13  claimed constituted harassment.  On April 26, 2001,

14  Hall and Durbin came into Complainant's office.

15  Complainant called 9-1-1 and requested the police and

16  an ambulance.  Complainant left work for about six

17  months.  She returned in November 2001.  On December 5,

18  2001, she was placed on a performance improvement plan.

19  She was denied some of the training she had requested,

20  she was not returned to her old office and instead was

21  placed in a modular office.

22         Complainant's old computer, telephone and

23  voice mail numbers were disconnected.  Complainant's

24  office items had been packed in 12 boxes and placed in the

25  modular office now assigned to her.  Complainant's

1  security clearance was downgraded and she was issued a
2  lower performance rating. *than expected | JMC*

3  The Agency denied that it had informed
4  Complainant) on her return to work that she was now *JMC upon*
5  assigned to a temporary position and would be
6  performing different job duties.  The Agency also
7  denied Complainant's characterization that it had *JMC*
8  harassed her while allowing her insufficient time to
9  read a 16 page document.

10  However, the Agency explains the reasons for
11  its conduct. According to Durbin's testimony, he had
12  mailed to Complainant's home two letters concerning her
13  performance.  The letters were returned to the office.
14  On April 26, 2001, Durbin went to Complainant's office
15  and attempted to inform Complainant of the content of
16  the letters.  Complainant, however, called 9-1-1 to
17  request assistance.  Complainant left that day on *JMC*
18  administrative leave and did not return until November
19  2001.  On December 5, she was placed on PIP because *2001, | JMC* *a JMC*
20  before her leave, she was failing one of her critical
21  elements.  Hall approved the training she considered
22  relative to Complainant's duties. *relevant | JMC*

23  While Complainant was on leave, the Agency
24  was the subject of further changes and restructuring
25  and her office was assigned to another employee.  Her

1  work items were packed into boxes.  When she returned

2  to work, Complainant was temporarily removed into a

3  modular office, an office without walls, And her boxes

4  were placed in her cubicle.  Although not provided with

5  her old computer, telephone number and voice mail,

6  Complainant's modular office had a working telephone and

7  a computer which was connected as soon as possible.

8  Hall testified that she did not have enough notice of

9  Complainant's return to secure her an enclosed office.

10  Within one or two weeks, Hall assigned Complainant to

11  an enclosed office with a window,  Which she shared

12  with another employee.

13       Complainant received their rating her

14  performance, She was ultimately dismissed because of

15  performance which is not subject to this complaint.

16       With respect to Complainant's claim that she was

17  given insufficient time to review a 16 page document,

18  Durbin testified that the document consisted of two

19  pages, and the other pages were other letters attached

20  of which Complainant was aware.  Complainant failed to

21  proffer any evidence to rebut the Agency's articulated

22  reasons for subjecting her to this conduct.

23       When determining whether a conduct constitutes

24  harassment, the trier of fact must look at all the

25  circumstances, including a frequency of the

1  discriminating conduct, the severity, whether it is

2  physically threatening or humiliating, or a mere

3  offensive. And whether it unreasonably ~~infers~~ with an   [handwritten: utterance) MC ... interferes /MC]

4  employee's performance.

5  Considering all of Complainant's claims, all

6  the record evidence and assuming for the purposes of

7  this hearing, the accuracy of Complainant's versions of

8  events including the claims the Agency denied, I find

9  that under the totality of the circumstances, the

10  alleged conduct cannot be considered sufficiently

11  severe or pervasive to have altered the conditions of

12  Complainant's work environment.  Most important,

13  Complainant failed to ~~induce~~ any evidence that the   [handwritten: adduce MC]

14  conduct complained of was based on any of the alleged

15  prohibited factors.

16  Complainant's theory of discrimination that

17  Durbin harassed her in an attempt to get rid of her, an

18  older employee over 40, in order to replace them with

19  young African women. The evidence presented failed to

20  prove such theory.  In fact, the evidence showed that

21  there were about seven employees in the Administrative

22  Team under Hall's immediate supervision, six were

23  female. Five of the female were African Americans, one

24  female was Hawaiian, one male and all seven employees

25  were over 40.  ~~Aside from the Hawaiian female, who~~   [handwritten: MC]

1   ~~Left, I am sorry.~~ *hvc* ~~One male and all seven employees~~

2   ~~were over 40.~~ *hvc* Also both black and white, male and

3   female have filed complaints of discrimination. Aside

4   from the Hawaiian female, who left before Complainant

5   was officially reassigned to EIA, all these employees

6   remain in EIA. Complainant's allegations of harassment

7   on the basis of race, sex and retaliation from

8   protected activity failed.

9   Moreover, I find that there is no evidence to

10  link the conduct complained of and Complainant alleged

11  protected basis.

12  Hall and Durbin brought Complainant to EIA on

13  a detail and later officially reassigned her knowing

14  that she had filed complaints of discrimination against

15  her prior office. Complainant was also a member of the

16  same protected groups at the time as when all these

17  actions happened. I find unbelievable that shortly

18  thereafter Complainant was subjected to the alleged

19  treatment on those prohibited bases. *hvc*

20  CONCLUSION

21  I find that the Agency did not discriminate

22  or retaliate against Complainant. I, however, find *per se* *M*

23  retaliation *on Durbin's statement to Complainant, hvc* and now order the Agency to post a notice

24  of the perceived violation and to take all actions

25  necessary to ensure that managers and supervisors act

19

1    in accordance with EEO regulations and in particular,

2    refrain from any action or statement which interfere

3    with the EEO process.

4

5

6    GLADYS O. COLLAZO

7

20

1                    JUDGE COLLAZO:  I will give the Parties the

2          Notice of Appeal rights after this bench decision is

3          transcribed and I transmit it to the Parties.

4                    This concludes my bench decision.  Thank you

5          all.

6                    (Whereupon, at 3:15 p.m., the bench decision

7          was concluded.)

## NOTICE TO THE PARTIES

### *TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

### *TO THE COMPLAINANT:*

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

*WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

### BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

### BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

### BY FACSIMILE:

Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.



## The Deputy Secretary of Energy
### Washington, DC 20585

**August 31, 2005**

### NOTICE OF FINAL ORDER

#### CERTIFIED

Ms. Carolyn Williams
c/o Richard H. Semsker, Esq.
Lippman & Semsker, PLLC
7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814

Re: Carolyn Williams v. U.S. Department of Energy
   DOE Case Nos. 01(67)HQ/EIA & 02(31)HQ/EIA
   EEOC Docket No. 100-2002-07834X

Dear Ms. Williams:

This is to notify you of the Final Order of the Department of Energy on the above-referenced equal employment opportunity (EEO) complaints. In this Final Order, you will be referred to as "the complainant."

Our records show that the complainant requested a hearing on her complaints and that an Administrative Judge (AJ) was assigned by the Equal Employment Opportunity Commission (EEOC) to conduct the hearing. The issues that were raised in the complaints are as follows:

ISSUE 1: Whether the complainant was discriminated against on the basis of her age (African American), and in retaliation for her prior EEO activity, when the following actions were allegedly taken against her:

   a. While the complainant was on detail, she performed the duties of a GS-11, but was paid at the GS-9 grade level;

   b. The complainant received a lower performance appraisal than she deserved;

   c. The complainant was threatened by her second level supervisor when he stated that the complainant's Federal career would be affected by her EEO activity;

   d. The complainant was threatened and verbally intimidated at meetings with her supervisors;

**EXHIBIT**

2

e.    The complainant received unnecessary and arbitrary assignments so that she would fail to meet her performance deadlines.

ISSUE 2:    Whether the complainant was discriminated against on the basis of her race (African American), and in retaliation for her prior protected activity, by the following actions:

a.    Management exhibited a harassing behavior toward her such that she was forced to leave the building and was placed on involuntary leave for six months;

b.    When the complainant returned to work, she was placed on a performance improvement plan, denied training, and made to sit in an open area;

c.    Management changed the complainant's assigned telephone number and voice mail;

d.    Management disconnected the complainant's computer;

e.    Management downgraded the complainant's security clearance;

f.    Management informed the complainant that she was occupying a temporary position and that she would be performing different job duties;

g.    Management issued the complainant a lower performance appraisal than she deserved;

h.    Management packed 12 boxes of the complainant's office items and placed them in an open area;

i.    Management made harassing and intimidating statements to the complainant and allowed her insufficient time to read a 16-page document.

The complainant named her first and second level supervisors as the alleged responsible management officials.

On May 13, 2005, the AJ issued a *Decision* from the bench which was transmitted to the parties by an *Order Entering Judgment*, dated August 11, 2005. The AJ found that the complainant was not the victim of unlawful discrimination, except with respect to a statement that was made to the complainant by her second level supervisor. In that regard, the AJ found "per se retaliation in violation of the regulations when Durbin [Stephen F. Durbin - the complainant's second level supervisor] told the Complainant that her complaints would be dismissed, and if she wanted to

2

get ahead, doing this would only make it worse for her." (*Bench Decision* at page 12).

The AJ held that none of "the alleged conduct [could] be considered sufficiently severe or pervasive to have altered the conditions of [the complainant's] work environment." However, with respect to her finding of retaliation, the AJ ordered the Department "to post a notice of the perceived violation and to take all actions necessary to ensure that managers and supervisors act in accordance with the EEO regulations and in particular, refrain from any action or statement which interfere with the EEO process."

We have reviewed the record in the complaints in light of the decision of the AJ and find that the decision accurately states the facts and applies the pertinent principles of law. We, therefore, concur in the *Bench Decision* of the AJ.

### Order

Pursuant to the *Bench Decision* of the AJ, and in compliance with regulations issued by the EEOC (see 29 C.F.R. § 1614.501(a)(1)), the Administrator of the Energy Information Administration shall take the following actions:

1.     Ensure that the attached notice, stating that discrimination was found in a Title VII complaint filed by an employee of the Energy Information Administration, is conspicuously posted within the Office of Energy Information Administration. The notice shall be posted immediately upon receipt of this Final Order and shall remain posted for thirty (30) days.

2.     Ensure that within thirty (30) days of receipt of this Final Order Stephen F. Durbin receives at least eight (8) hours of training in equal employment opportunity law, rules and regulations. The Office of Civil Rights and Diversity will provide assistance in arranging for the training.

3.     Issue a Letter of Reprimand to Stephen F. Durbin for his retaliatory action against the complainant. The Letter of Reprimand shall be placed in Mr. Durbin's official personnel file for a period of no less than one hundred and eighty (180) days.

4.     Within forty-five (45) days of receipt of this Final Order, file a status report with the Office of Civil Rights and Diversity on the actions herein ordered.

### Statement of Rights

This is the Final Order of the Department of Energy with respect to your complaints. If you are dissatisfied with this decision, you may file a notice of appeal with the EEOC **WITHIN 30 CALENDAR DAYS** of the date that you receive this decision. The appeal should be addressed to the U.S. Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box

19848, Washington, D.C. 20036, or hand-delivered to the Office of Federal Operations at 1801 L Street, N.W., Washington, D.C. 20507. In the alternative, you may send a facsimile to (202) 663-7022.

Any statement in support of the appeal must be submitted to the EEOC, with a copy to this office, within **30 calendar days** of filing the notice of appeal. The Commission may exercise its discretion to extend the time limit and accept the appeal if it is not submitted within the prescribed **30-calendar-days**, based upon a written showing that you were not notified of the prescribed time limit and were not otherwise aware of it, or that circumstances beyond your control prevented you from filing the notice of appeal within the prescribed time limit. **A copy of the EEOC's appeal form is attached to this decision.**

If you elect not to appeal to the EEOC, you have the right to file a civil action in an appropriate United States District Court **WITHIN 90 CALENDAR DAYS** of the date that you receive this decision. A civil action may also be filed any time **AFTER 180 CALENDAR DAYS** from the date of filing your appeal with the EEOC, if a final decision has not been issued by the EEOC's Office of Federal Operations. The limitations period for filing a civil action under the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. §621 *et seq.*, may differ from the period set out for the filing of civil actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §791. You may be foreclosed from filing a civil action on any claim brought under the ADEA, if you fail to file within the limitations period applied by the Court in the jurisdiction in which your action is filed.

If you file a civil action, **YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL HEAD OF THE DEPARTMENT OF ENERGY, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE.** Failure to do so may result in the dismissal of your case. "Department" means the national organization, and not the local office, facility or department in which you work. In your case, you must name Mr. Samuel H. Bodman, Secretary, U.S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D.C. 20585. **Filing a civil action will terminate the administrative processing of your complaint.**

You are further notified that if you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791, 794. **The grant or denial of**

the request is within the sole discretion of the Court. Filing a request for an attorney does <u>not</u> extend your time in which to file a civil action.

Sincerely,

Poli A. Marmolejos
Director
Office of Civil Rights and Diversity

Enclosures: EEOC Form 573
           AJ's *Decision,* and *Order Entering Judgment*
           Posting Notice
           EEOC Form 573

cc: Richard H. Semsker, Esq.
    Lippman & Semsker, PLLC
    7700 Old Georgetown Rd
    Suite 500
    Bethesda, MD 20814

    Guy Caruso, Administrator
    Energy Information Administration
    Room 2H-027/FORS

    Gladys O. Collazo, Administrative Judge
    Equal Employment Opportunity Commission
    Washington Field Office
    1801 L Street, N.W. (First Floor)
    Washington D.C. 20036

    Isiah Smith
    U. S. Department of Energy
    Office of the Assistant General Counsel for General Law (GC-77)
    Room 6A-211/FORS

## U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### WASHINGTON FIELD OFFICE
1801 L Street, N.W., Suite 100
Washington, D.C. 20507-1002

Carolyn Williams,                    )
    Complainant,                )
                      )   EEOC No. 100-2002-07843X
                      )   Agency Nos.  01 (67)HQ/EIA
v.                                   )                02 (31)HQ/EIA
                      )
Spencer Abraham, Secretary,          )
Department of Energy,                )
    Agency.                      )
                      )

## ORDER

On September 9, 2005, the Complainant filed a Submission for Attorney's Fees (Attorney's Fees) for agency case numbers 01(67)HQ/EIA; 97(183)HQ/DP; 98(093)HQ/DP; and 02(31)HQ/EIA. On September 21, 2005, the Agency filed Objections to the Fee Petition (Objections). On September 30, 2005, the Complainant filed a Reply to the Agency's Objection to Complainant's Fees Petition (Reply).

After consideration of the parties' submissions, I now determine that:

1. On April 29, 2005, at the hearing Complainant withdrew her request for a hearing for EEOC case number 100-2003-00854X, agency case numbers 97 (183)HQ/DP and 98 (093)HQ/DP. She requested that these complaints be returned to the Agency for the issuance of a final agency decision. I held a hearing for the remainder EEOC case number 100-2002-07843X, agency case numbers 01 (67)HQ/EIA and 02 (31)HQ/EIA. See Hearing Transcript, and full transcript of the Bench Decision. Complainant cannot request attorney's fees for the agency case numbers which she withdrew at the hearing and requested a final agency decision. She has to wait for the Agency's issuance of its final

EXHIBIT
tabbir
3

agency decision on those cases.

2.  With respect to EEOC case number 100-2002-07843X, identified as agency case numbers 01 (67)HQ/EIA, and 02 (31)HQ/EIA, I find that, as the Agency correctly argued in its Opposition, Complainant is not a prevailing party because she did not receive any benefit on the merits. *See* Agency's Opposition.  The Decision clearly stated that the Complainant had failed to show that there was any link between the retaliatory statement and any of the Agency's actions.  *See* Bench Decision at 13, 18.  She, thus, is not entitled to attorney's fees.

Date: October 5, 2005

*Gladys O. Collazo*

Gladys O. Collazo
Administrative Judge

## NOTICE TO THE PARTIES

### TO THE AGENCY:

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

### TO THE COMPLAINANT:

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R.

2

§ 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

## *WHERE TO FILE AN APPEAL:*

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

### BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848
Washington, D.C. 20036

### BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

### BY FACSIMILE:

Number: (202) 663-7022

*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known

of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

TO:

Poli Marmolejos, Director
Office of Civil Rights
Department of Energy
1000 Independence Avenue, S.W.
Room 4B112
Washington, D.C. 20585

Carolyn Williams
c/o Richard H. Semsker
Fax (301) 656-6906
(By facsimile transmission only)

Richard H. Semsker
Lippman Semsker & Salb, LLC
Fax (301) 656-6906
(By facsimile transmission only)

Alex Bailey
Department of Energy
Office of General Counsel
Fax (202) 586-8685
(By facsimile transmission only)

4



### Department of Energy
Washington, DC 20585

**October 17, 2005**

## NOTICE OF FINAL ORDER

### Certified Mail

Ms. Carolyn Williams
8931 Town Center Circle, Unit 308
Upper Marlboro, MD 20774

Re:  DOE Case No. 01(67)HQ/EIA and
02(31)HQ/EIA
EEOC Docket No.100-2002-07843X

Dear Ms. Williams:

This is to notify you of the Final Order of the Department of Energy on the above-referenced equal employment opportunity (EEO) complaints.

Our records show that you requested a hearing on your complaints and that an Administrative Judge (AJ) was assigned by the Equal Employment Opportunity Commission (EEOC) to conduct a hearing.  On April 28, 2005, the AJ conducted the hearing on your complaints.  In the decision, which was issued on August 11, 2005, the AJ found that you failed to prove by a preponderance of the evidence that the Agency discriminated against you based upon the above referenced bases.  On September 9, 2005, you filed a Submission for Attorney's Fees in this matter.  On September 21, 2005, the Agency filed Objections to the Fee Petition (Objections) and on September 30, 2005, you filed a Reply to the Agency's Objection to Complainant's Fees Petition.

On October 5, 2005, the AJ issued an order holding that you were not a prevailing party in these complaints since you did not receive any benefit on the merits.  The AJ further stated that the August 11th decision clearly stated that you had failed to show that there was any link between a supervisor's retaliatory statement and any of the Agency's actions.  Therefore, the AJ concluded that you were not entitled to any attorney's fees.  We have carefully reviewed the record in your case and concur with the findings of the AJ regarding her ruling on any entitlement to attorney's fees.

**EXHIBIT**

4

2

## STATEMENT OF RIGHTS

This is the final order of the Department of Energy, with respect to your complaint. If you are dissatisfied with this decision, you may file a notice of appeal with the Equal Employment Opportunity Commission (EEOC) **WITHIN 30 CALENDAR DAYS** of the date that you receive this decision. The appeal should be addressed to the U. S. Equal Employment Opportunity Commission, Office of Federal Operations, P. O. Box 19848, Washington, D.C. 20036, or hand-delivered to the Office of Federal Operations at 1801 L Street, N.W., Washington, D.C. 20507. In the alternative, you can send a facsimile to (202) 663-7022.

Any statement in support of the appeal must be submitted to the EEOC, with a copy to this office, within **30 calendar days** of filing the notice of appeal. The Commission may exercise its discretion to extend the time limit and accept the appeal if it is not submitted within the prescribed **30 calendar days**, based upon a written showing that you were not notified of the prescribed time limit and were not otherwise aware of it, or that circumstances beyond your control prevented filing the notice of appeal within the prescribed time limit. **A copy of the EEOC's appeal form is attached to this decision.**

If you elect not to appeal to the EEOC, you have the right to file a civil action in an appropriate United States District Court **WITHIN 90 CALENDAR DAYS** of the date you receive this decision. A civil action may also be filed any time **AFTER 180 CALENDAR DAYS** from the date of filing your appeal with the EEOC, if a final decision has not been issued by the EEOC's Office of Federal Operations. The limitations period for filing a civil action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Section 621 et seq. (ADEA) may differ from the period set out for the filing of civil actions under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. Section 791. You may be foreclosed from filing a civil action on any claim brought under the ADEA if you fail to file within the limitations period applied by the Court in the jurisdiction in which your action is filed.

If you file a civil action, **YOU MUST NAME AS THE DEFENDANT IN THE COMPLAINT THE PERSON WHO IS THE OFFICIAL HEAD OF THE DEPARTMENT OF ENERGY, IDENTIFYING THAT PERSON BY HIS OR HER FULL NAME AND OFFICIAL TITLE.** Failure to do so may result in the dismissal of your case. "Department" means the national organization, not the local office, facility or department in which you work. In your case, you must name Samuel Bodman, Secretary, U. S. Department of Energy, 1000 Independence Avenue, S.W., Washington, D. C. 20585. **Filing a civil action will terminate the administrative processing of your complaint.**

3

You are further notified that if you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. Sections 791, 794 (c).

**The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does **not** extend your time in which to file a civil action.

Sincerely,

Poli A. Marmolejos
Director
Office of Civil Rights and Diversity

Attachment:
EEOC Form 573

cc: (w/o enclosures via first class mail)
Alex Bailey, Esq.
U.S. Department of Energy
Office of General Counsel
1000 Independence Avenue, S.W.
Room 4B-112
Washington, DC 20585

Richard H. Semsker, Esq.
Lippman Semsker & Salb
7700 Old Georgetown Road
Suite 500
Bethesda, MD 20814

Gladys O. Collazo
Administrative Judge
Equal Employment Opportunity Commission
Washington Field Office
1801 L Street, N.W., Suite 100
Washington, D.C. 20507

*The U.S. Equal Employment Opportunity Commission*

## NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 19848
Washington, DC 20036

**Complainant Information:** (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | Williams, Carolyn E. |
| Home/mailing address: | 8931 Town Center Circle, Unit 308 |
| City, State, ZIP Code: | Largo, MD. 20774 |
| Daytime Telephone # (with area code): | 301-499-2935 |
| E-mail address (if any): | ccwwi@aol.com |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | Matthew Fogg |
| Address: | P.O. Box 30956 |
| City, State, ZIP Code: | Wash. D.C. 20030-0956 |
| Telephone number (if applicable): | 301-899-6207 |
| E-mail address (if any): | Carolel@gd.com |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | Dept of Energy |
| Identify the Agency's complaint number: | 01(67) H0/E1A and 02 (31) H0/E1A |
| Location of the duty station or local facility in which the complaint arose: | Washington, D.C. |
| Has a **final action** been taken | ✓ Yes; Date Received 9/8/05 (Remember to attach a copy) |

**EXHIBIT**

5

| by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ____No<br>____This appeal alleges a breach of settlement agreement |
|---|---|
| Has a complaint been filed on this same matter with the EEOC, **another** agency, or through any **other** administrative or collective bargaining procedures? | __✓__No<br>____Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | __✓__No<br>____Yes (Attach a copy of the civil action filed) |

**NOTICE:** Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC **and** with the agency **within 30** days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| Signature of complainant or complainant's representative: | *Carolyn E. Williams* |
|---|---|
| Date: *September 19, 2005* | |

**EEOC Form 573 REV 1/01**

---

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE**: EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY**: 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE**: The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES**: Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

Carolyn Williams,
Complainant,

v.

Samuel W. Bodman,
Secretary,
Department of Energy,
Agency.

2006 APR 11 PM 3 04

Appeal No. 01A60100

Agency No. 01(67)HQ/EIA & 02(31)HQ/EIA
Hearing No. 100-2002-07834X

## DECISION

Complainant timely initiated an appeal from the agency's final order concerning her equal employment opportunity (EEO) complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.* The appeal is accepted pursuant to 29 C.F.R. § 1614.405. For the following reasons, the Commission AFFIRMS the agency's final order.

The record reveals that complainant, a GS-8 Secretary at the agency's Germantown, Maryland facility, filed two formal EEO complaints, alleging that the agency discriminated against her on the bases of race (African-American), sex (female) age (55), and in reprisal for prior EEO activity when:

(1)     while she was on detail, she performed the duties of a GS-11, but was paid at the GS-9 grade level;

(2)     she received a lower performance appraisal than she deserved;

(3)     she was threatened by her second-level supervisor (S2) when he stated that her federal career would be affected by her EEO activity;

(4)     she was threatened and verbally intimidated at meetings with her supervisor (S1) (Black, female, prior EEO activity unknown);

**EXHIBIT**

6

2                                            01A60100

(5)     she received unnecessary and arbitrary assignments so that she would fail to meet her performance deadlines;

(6)     management exhibited a harassing behavior toward her such that she was forced to leave the building and was placed on involuntary leave for six months;

(7)     she was placed on a performance improvement plan, denied training and made to sit in an open area;

(8)     management changed her assigned telephone number and voice mail;

(9)     management disconnected her computer;

(10)    management downgraded her security clearance;

(11)    management informed her that she was occupying a temporary position and that she would be performing different job duties;

(12)    management packed 12 boxes of her office items and placed them in an open area, and

(13)    management made harassing and intimidating statements to her and allowed her insufficient time to read a 16-page document.

At the conclusion of the investigation, complainant was provided a copy of the investigative report and requested a hearing before an EEOC Administrative Judge (AJ). Following a hearing, the AJ issued a decision finding the following:

Complainant had previously worked at the agency's Defense Programs (DP) as a Program Specialist, GS-11. As a result of a reduction-in-force (RIF),[1] complainant was downgraded to a GS-8 secretary position, but eventually arranged a detail to the EIA's Office of Resource Management (ORM) as a GS-9 with unclassified duties. At the time she started her detail in ORM, in approximately January 1999, complainant informed her new supervisor (S1) that she had filed previous complaints of discrimination in her former position. S1 responded that it did not matter because ORM needed the help.

_____

[1]This RIF is not at issue herein.

3                                    01A60100

In October 1999, S1 lowered complainant's performance score from "Outstanding" to "Highly Effective" due to complainant's DP supervisor's (SS) recommendation.[2]  In February 2000, S1 informed complainant that her performance was deteriorating and S1 expressed a reluctance to S2 about making complainant a permanent ORM staff member.  Nevertheless, S1 reassigned complainant to a Program Training Specialist, GS-9 position effective March 2000, principally because ORM needed the help.  In June 2000, complainant complained to S1 and S2 that she should have been reassigned to the GS-11 grade, rather than the GS-9 grade.  However the agency's Personnel Office concluded that complainant was not qualified for the GS-11 Training Specialist position because she was a Program Specialist before the RIF.  In addition, the AJ noted that complainant failed to establish that she was performing the duties of a Training Specialist during the relevant time.

S1 implemented and prescribed the manner in which "dialogue process sheets" would be submitted by team members, including complainant.  Complainant initially complied, but later voiced disagreement with the manner in which the sheets were submitted.  S1 and complainant met on July 25, 2000, to discuss their disagreement and to discuss complainant's Individual Development Plan.  The discussion led to an argument and complainant reported S1 to security, alleging that S1 yelled at her and subjected her to workplace violence.  In addition, while meetings between complainant and S1 were often contentious and argumentative, the AJ did not find any discriminatory or retaliatory motivation behind such arguments.

The AJ also found that on April 26, 2001, complainant called the police regarding a confrontation with S1 and S2.  Following this incident, complainant left work and did not return until November 2001.  Upon returning to work on December 5, 2001, complainant was placed on a performance improvement plan since management felt that she was failing one of her critical elements prior to her extended leave.

With respect to training, management explained that it denied some training requests because they did not consider such training relevant to complainant's job duties.  The AJ found insufficient evidence of pretext on this issue.

The AJ also concluded that the record supports the finding that after complainant left on extended leave, an office restructuring occurred.  As a result another employee was assigned complainant's office.  Consequently, complainant's computer and telephone numbers had been disconnected and her office items had been boxed and placed in her new office.  The AJ concluded that complainant failed to present sufficient evidence to establish a hostile work environment or that the agency's conduct was motivated by discriminatory or retaliatory animus.

---

[2] The AJ did not find any evidence of discriminatory intent with respect to the lowering of complainant's performance appraisal and found it reasonable for two supervisors to have slightly different views.

4                                    01A60100

However, the AJ concluded that S2 retaliated against complainant on one occasion, when he told her that "her complaints would be dismissed, and if she wanted to get ahead, doing this would only make it worse for her." The AJ found this retaliatory comment isolated and that it failed to have a chilling effect on complainant's use of the EEO process.[3]

Complainant's appeal restates facts and arguments previously raised.

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. *See Pullman-Standard Co. v. Swint*, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held.

After a careful review of the record, the Commission finds that the AJ's findings of fact are supported by substantial evidence in the record and that the AJ's decision properly summarized the relevant facts and referenced the appropriate regulations, policies, and laws. We discern no basis to disturb the AJ's decision. Therefore, after a careful review of the record, including complainant's contentions on appeal, the agency's response, and arguments and evidence not specifically addressed in this decision, we affirm the agency's final order.

ORDER (C0900)

The agency is ordered to take the following remedial action within Thirty (30) calendar days from the date this decision becomes final[4]:

1.  The agency shall consider taking appropriate disciplinary action against S2. The Commission does not consider training to be disciplinary action. The agency shall report its decision to the compliance officer. If the agency decides to take disciplinary action, it shall identify the action taken. If the agency decides not to take disciplinary action, it shall set forth the reason(s) for its decision not to impose discipline. If S2 has left the agency's employ, the agency shall furnish documentation of his departure date.

2.  The agency shall require S2 to undergo 8 hours of training in the requirements of Title VII, with emphasis on the prohibition against retaliation; and

---

[3] The parties do not dispute this portion of the AJ's decision.

[4] Complainant does not dispute the remedial award.

01A60100

3.    The agency shall post a notice of discrimination as set forth below.

The agency is further directed to submit a report of compliance, as provided in the statement entitled "Implementation of the Commission's Decision." The report shall include supporting documentation verifying that the corrective action has been implemented.

## POSTING ORDER (G0900)

The agency is ordered to post at its Washington, D.C. facility copies of the attached notice. Copies of the notice, after being signed by the agency's duly authorized representative, shall be posted by the agency within thirty (30) calendar days of the date this decision becomes final, and shall remain posted for sixty (60) consecutive days, in conspicuous places, including all places where notices to employees are customarily posted. The agency shall take reasonable steps to ensure that said notices are not altered, defaced, or covered by any other material. The original signed notice is to be submitted to the Compliance Officer at the address cited in the paragraph entitled "Implementation of the Commission's Decision," within ten (10) calendar days of the expiration of the posting period.

## ATTORNEY'S FEES (H0900)

If complainant has been represented by an attorney (as defined by 29 C.F.R. § 1614.501(e)(1)(iii)), he/she is entitled to an award of reasonable attorney's fees incurred in the processing of the complaint. 29 C.F.R. § 1614.501(e). The award of attorney's fees shall be paid by the agency. The attorney shall submit a verified statement of fees to the agency -- not to the Equal Employment Opportunity Commission, Office of Federal Operations -- within thirty (30) calendar days of this decision becoming final. The agency shall then process the claim for attorney's fees in accordance with 29 C.F.R. § 1614.501.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42

6                                              01A60100

U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (T0900)

This decision affirms the agency's final decision/action in part, but it also requires the agency to continue its administrative processing of a portion of your complaint. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision on both that portion of your complaint which the Commission has affirmed **and** that portion of the complaint which has been remanded for continued administrative processing. In the alternative, you may file a civil action **after one**

7                                              01A60100

**hundred and eighty (180) calendar days** of the date you filed your complaint with the agency, or your appeal with the Commission, until such time as the agency issues its final decision on your complaint. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations


APR - 5 2006
_____
Date

### CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

APR - 5 2006
_____
Date


_____
Equal Opportunity Assistant



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**

Carolyn E. Williams,
Complainant,

v.

Samuel W. Bodman,
Secretary,
Department of Energy,
Agency.

Request No. 0520060694[1]

Appeal No. 01a60100

Hearing No. 100a27834x

Agency No. 0167HQEIA

### DENIAL

Both complainant and the agency timely requested reconsideration of the decision in *Carolyn E. Williams v. Department of Energy*, EEOC Appeal No. 01a60100 (April 5, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

Complainant filed two complaints of discrimination, which alleged discrimination on the bases of race (African-American), sex (female), age (55) and in reprisal for prior EEO activity when:

1) while she was on detail, she performed the duties of a GS-11, but was paid at the GS-9 grade level;

2) she received a lower performance appraisal than she deserved;

---

[1] Due to a new data system, your case has been re-designated with the above referenced appeal number.

**EXHIBIT**
7

2                                                                 0520060694

3) she was threatened by her second-level supervisor (S2) when he stated that her federal career would be affected by her EEO activity;

4) she was threatened and verbally intimidated at meetings with her supervisor (S1) (Black, female, prior EEO activity unknown);

5) she received unnecessary and arbitrary assignments so that she would fail to meet her performance deadlines;

6) management exhibited a harassing behavior toward her such that she was forced to leave the building and was placed on involuntary leave for six months;

7) she was placed on a performance improvement plan, denied training and made to sit in an open area;

8) management changed her assigned telephone number and voice mail;

9) management disconnected her computer;

10) management downgraded her security clearance;

11) management informed her that she was occupying a temporary position and that she would be performing different job duties;

12) management packed 12 boxes of her office items and placed them in an open area; and

13) management made harassing and intimidating statements to her and allowed her insufficient time to read a 16-page document.

After a hearing, the AJ issued a decision finding that complainant was retaliated against when, on one occasion, her supervisor told her that "the complaints would be dismissed, and if she wanted to get ahead, doing this would only make it worse for her." The agency thereafter issued a decision implementing the AJ's decision, and complainant appealed. Just prior to her appeal of the agency's final decision, complainant petitioned the AJ for attorney's fees.

On October 5, 2005, the AJ issued an Order denying complainant's request for attorney's fees because she was not a prevailing party. On October 17, 2005, the agency issued a final decision affirming the AJ's decision as to attorney's fees. Complainant did not appeal this decision.

In our prior decision on the merits, we found substantial evidence in the record to support the AJ's decision, and ordered the agency to consider discipline, provide training, and post a notice. Our decision also contained a paragraph advising the parties as to the procedures for awarding attorney's fees.

In her Request, complainant states that the AJ failed to conduct proper discovery. In its own Cross-Request, the agency contends that our order advising complainant as to her attorney fee rights was not correct because, in a subsequent decision, the AJ found complainant was not a prevailing party, and not entitled to attorney's fees. *See Agency's Brief on Reconsideration*, at p. 2.

After reconsidering the previous decision and the entire record, the Commission finds that the requests fail to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the

3                                                    0520060694

Commission to deny the requests. Neither party presented sufficient evidence that the prior decision or its order involved a clearly erroneous interpretation of material law or fact. With respect to complainant, the discovery requests she raised in her Request are largely based on irrelevant information. Accordingly, we find the AJ's discovery rulings were not in error.

As for the agency's argument on attorney's fees, we find no evidence that complainant is currently arguing an entitlement to attorney's fees. The record shows that in a decision dated October 5, 2005, the AJ found complainant was not a prevailing party and not entitled to attorney's fees. Complainant was provided with an agency final decision on October 17, 2005, and a right to appeal this decision, but she did not. Furthermore, we noted in our prior decision that complainant did not dispute the remedial award made by the AJ. In light of complainant's failure to appeal the attorney's fee decision, as well as her failure to raise the issue on appeal, we find the matter denying attorney's fees has been adjudicated and is final. The paragraph discussing attorney's fees in our prior decision is not operative given the AJ's decision on attorney's fees, which was not contained in the record at the time the Commission's previous decision was made, and it will not be included herein.

Accordingly, we find complainant and the agency failed to establish the requirements for reconsideration. The decision in EEOC Appeal No. 01A60100 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## ORDER (C0900)

The agency is ordered to take the following remedial action within thirty (30) calendar days from the date this decision becomes final:

1.  The agency shall consider taking appropriate disciplinary action against S2. The Commission does not consider training to be disciplinary action. The agency shall report its decision to the compliance officer. If the agency decides to take disciplinary action, it shall identify the action taken. If the agency decides not to take disciplinary action, it shall set forth the reason(s) for its decision not to impose discipline. If S2 has left the agency's employ, the agency shall furnish documentation of his departure date.

2.  The agency shall require S2 to undergo 8 hours of training in the requirements of Title VII, with emphasis on the prohibition against retaliation; and

3.  The agency shall post a notice of discrimination as set forth below.

The agency is further directed to submit a report of compliance, as provided in the statement entitled "Implementation of the Commission's Decision." The report shall include supporting documentation verifying that the corrective action has been implemented.

4·                                                                                          0520060694

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## POSTING ORDER (G0900)

The agency is ordered to post at its Washington D.C. facility copies of the attached notice. Copies of the notice, after being signed by the agency's duly authorized representative, shall be posted by the agency within thirty (30) calendar days of the date this decision becomes final, and shall remain posted for sixty (60) consecutive days, in conspicuous places, including all places where notices to employees are customarily posted. The agency shall take reasonable steps to ensure that said notices are not altered, defaced, or covered by any other material. The original signed notice is to be submitted to the Compliance Officer at the address cited in the paragraph entitled "Implementation of the Commission's Decision," within ten (10) calendar days of the expiration of the posting period.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

5.                                          0520060694

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

FEB 0 8 2007
Date

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington, D.C. 20507**

NOTICE TO EMPLOYEES
POSTED BY ORDER OF THE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
An Agency of the United States Government

This Notice is posted pursuant to an Order by the United States Equal Employment Opportunity Commission dated _____ which found that a violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.* has occurred at this facility.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the person's RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, or PHYSICAL OR MENTAL DISABILITY with respect to hiring, firing, promotion, compensation, or other terms, conditions or privileges of employment.

The Department of Energy, Washington, D.C. facility (hereinafter referred to as "facility"), supports and will comply with such Federal law and will not take action against individuals because they have exercised their rights under law.

This facility engaged in retaliation when complainant's second-level supervisor told complainant that her [EEO] complaints would be dismissed, and if she wanted to get ahead, doing this would only make it worse for her."

The facility was ordered to provide EEO training to and consider disciplinary action against the responsible management official. The agency was also ordered to post this notice.

The facility will not in any manner restrain, interfere, coerce, or retaliate against any individual who exercises his or her right to oppose practices made unlawful by, or who participates in proceedings pursuant to, federal equal employment opportunity law.

Date Posted: _____     _____

Posting Expires: _____
29 C.F.R. Part 1614

6                                          0520060694

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Carolyn E. Williams
8931 Town Ctr Cir
#308
Largo, MD  20774

Poli Marmolejos, Director
Office of Civil Rights
Department of Energy
1000 Independence Ave., SW  4B-112 Forr
Washington, DC  20585

Matthew Fogg
P.O.B. 30956
Washington, D.C. 20030-0956

FEB 0 8 2007
_____
Date

_____
Equal Opportunity Assistant