UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN E. WILLIAMS,              )<br>                                                      )<br>        Plaintiff,                              )<br>V.                                                  )<br>                                                      )<br>SAMUEL BODMAN,                    )<br>Secretary                                     )<br>U. S. Department of Energy, et al. )<br>                                                      )<br>        Defendants,                          ) | Civil Action No 07cv901 (**RBW**) |

### PLAINTIFF'S CONSENT MOTION FOR DISSMISSAL WITHOUT PREJUDICE OR AN ENLARGEMENT OF TIME TO PREPARE WITH NEW ATTORNEY

Plaintiff Pro-se is respectfully requesting an enlargement of time to prepare her civil motion with possible Court Appointed lawyer in matters now before the Court. Plaintiff is requesting an extension of 45 days to prepare the motion, not to dismiss the case. Plaintiff contacted Mr. Valdez who agrees to the enlargement of time should this case not be dismissed without prejudice.

Plaintiff is <u>only</u> requesting an enlargement of time in the alternative should this Court determine not to grant this Motion requesting this Court dismiss the current Complaint/Case Without Prejudice due to unexhausted Administrative remedies directly related to matters now before this Court. Plaintiff has motioned this court for time to exhaust all of her Administrative remedies per the recent Equal Employment Opportunity Commission, (EEOC), Office of Federal Operations Decision that her pending cases [Agency Case # 91-183HQ/DP and 98-093HQ/DP Appeal No 0120062364] are "fragmented" claims, and are remanded back to the U. S. Department of Energy on

RECEIVED
OCT 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

3

September 12, 2007, for reinvestigation. Plaintiff believes that the two cases remanded, and the two civil cases now before this Court (No 07cv901 (**RBW**) are inextricably entwined because in part her termination was due race, and reprisals from prior Equal Employment Opportunity activity. Evidence from Plaintiff's Administrative EEOC Hearing [No 100a27834xb] was based on a threat to Plaintiff's Federal career. As a result of Plaintiffs prior EEOC activity, the Agency interfered with Plaintiff's work process, putting her on suspension for over 6 months as she sat working at her desk, negative performance evaluations and unduly harassment culminated her removal on May 3, 2002. Furthermore the Agency attorneys have submitted a motion to have this case dismissed on the grounds of untimely filing this matter before this court. See item IV in Governments motion dated September 4, 2007.

I submit the government's motion is incorrect on its facts. The Plaintiff received a final decision notice from her Reconsideration request that was filed timely, from the EEOC advising her of her rights to appeal to this court dated February 8, 2007 and received by Complainant on February 15, 2007 [Attachment 3]. The EEOC Order specifically advised Complainant she has within <u>ninety (90) calendar days from the date you receive this decision</u> to file a Civil Action in Federal Court. The Complainant has in fact filed this Civil Action timely. Again the Complainant has requested this case be dismissed without prejudice due to the recent EEOC Appeals decision dated September 12, 2007 (attached) that remands for Administrative investigation. Plaintiff again state the current case before this court is inextricably entwined with cases now before the agency process.

4

Respectfully Submitted,

*Carolyn E. Williams*
Plaintiff
Carolyn E. Williams, pro-se
8931 Town Center Circle
Unit 308
Upper Marlboro, MD 20774
301-499-1935

**Attachment 1;** U.S. Equal Employment Opportunity Commission (EEOC) Decision of September 12, 2007 Williams v Bodman Appeal No 0120062364; Agency Numbers 97183HQ/DP and 98093HQ/DP. Faxed to Mr. Valdez October 18, 2007.

**Attachment 2;** Letter from U. S. Department of Energy, Office of Civil Rights and Diversity, dated September 25, 2007, informing Plaintiff of a supplemental investigation.
Faxed to Mr. Valdez October 18, 2007.

**Attachment 3** US EEOC Decision dated 8 February 2007

cc: U.S. Attorney Mr. Darrell C. Valdez, U. S. Department of Justice
cc: Clerk of the Court



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Carolyn E. Williams,
Complainant,

v.

Samuel W. Bodman,
Secretary,
Department of Energy,
Agency.

Appeal No. 0120062364[1]

Agency Nos. 97183HQDP & 98093HQDP

DECISION

On February 27, 2006, Carolyn E. Williams (complainant) filed an appeal from the agency's December 21, 2005, final decision concerning EEO complaint No. 97183 (C1).[2] On April 27, 2006, complainant filed an appeal from the agency's April 6, 2006, final decision concerning EEO complaint No. 98093 (C2). The complaints claimed employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq; the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq; and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. Complainant's appeals are deemed timely and are accepted pursuant to 29 C.F.R. § 1614.405(a). For the reasons set forth below, this matter is returned to the agency for further investigation, and issuance of a consolidated final decision in accordance with this decision and EEOC Request No. 05A20614 (July 14, 2002).

This matter comes before us as a result of the Commission's decision in EEOC 05A20614, et al. (June 14, 2002). In that decision, the Commission consolidated C1 and C2, vacating all previous decisions regarding C1 and C2, including agency actions and prior EEOC decisions.[3]

---

[1] Due to a new data system, this case has been re-designated with the above appeal number.
[2] According to complainant, she received the agency's decision on January 31, 2006.
[3] In February 1996, complainant was assigned to the agency's Human and Administrative Resources Group of Defense Programs (DP-44), located at agency headquarters (HQ) in Washington, D.C. She attended training for her new position at the agency's Germantown (MD) campus, riding the agency shuttle bus. In late April 1996, the bus was in an accident, and complainant sustained a serious head injury; after convalescence, she returned to work. In the two complaints herein, complainant claimed that her immediate supervisor (S1) and her second-level supervisor (S2) did not provide her with reasonable accommodations for her

Exhibit I
attachment

The decision found that the agency had improperly fragmented complainant's complaints, in that, the claims raised in the two complaints "concern various acts of purported discrimination against complainant by the same two agency officials (her immediate supervisor (S1) and her second-level supervisor (S2)) during an approximately two-year time period." Thus, the decision concluded that the two complaints constituted a single claim and that the agency "erred by failing to consolidate these complaints prior to rendering a final decision."

The Commission has long voiced its concerns that agencies, when confronted with a complaint involving multiple claims or multiple complaints with multiple claims, may possibly fail to recognize the "pattern aspect" of the complainant's claims and define the issues in a piecemeal manner, ignoring the underlying analogous theme and claim of harassment that unites them. *Brown v. Department of the Army,* EEOC Request No. 05970558 (September 15, 2000); *Drake v. Department of the Air Force,* EEOC Request No. 05970689 (March 29, 1999). In the *Preamble* to the 1614 Regulations, effective November 9, 1999, the Commission identified fragmentation of EEO complaints as a problem in processing federal sector complaints and initiated certain reforms, including changes to the *EEO Management Directive-110* (November 9, 1999). *Final Rule,* 29 C.F.R. Part 1614 (July 12, 1999). In that statement, the Commission declared its concern that fragmentation "can improperly render non-meritorious otherwise valid and cognizable claims." *Id.*

Having found that the agency "erred" when it did not consolidate the claims raised in the two complaints and when it failed to determine that the claims alleged a pattern of discrimination, the Commission vacated the agency's decisions on C1, dated June 22, 2000, and on C2, dated May 24, 2000. It remanded the complaints *"to be re-adjudicated as a consolidated claim,"* in addition to two claims the decision ordered be processed.[4] The decision concluded that "to do otherwise would result in an improper fragmentation of the claims raised by complainant in alleging a pattern of discrimination." *[emphasis supplied]*

Specifically, the Commission ordered the agency to take the following actions:

> 1. The agency shall acknowledge to the complainant that it has received the remanded claims, to include the "RIF claim" and the 1996 performance rating claim, as described above, *as well as all of the claims raised by complainant in complaint #97(183) and complaint #98(093)*, within thirty (30) calendar days of the date this decision becomes final. The agency shall also notify complainant

---

second-level supervisor (S2), did not provide her with reasonable accommodations for her cognitive disabilities, tried to force her to take a test to assess her skills, denied her training opportunities, refused to reassign her to a more appropriate position series based on her skills and experience, and engaged in numerous irregularities regarding her 1996 annual evaluation.

[4] The decision also found that the agency had improperly ignored or dismissed claims regarding complainant's 1996 performance evaluation in C1 and another regarding a reduction-in-force (RIF) from C2.

that it is henceforth eliminating "#98(028)" as a reference number from complainant's EEO matters, as described above.

2. The agency shall fully *investigate complainant's RIF claim, and in conjunction with this investigation, conduct any further investigation necessary on the additional claims raised in complaint # 97(183) and complaint # 98(093), with the aim of addressing all of complainant's claims as a consolidated complaint alleging a pattern of discrimination.*

3. The agency shall issue to complainant a copy of the resulting investigative file *addressing all of the claims herein as a consolidated claim*, and also shall notify complainant of the appropriate rights *within one hundred fifty (150) calendar days of the date this decision becomes final*, unless the matter is otherwise resolved prior to that time.[5] If the complainant requests a final decision without a hearing, the agency shall issue a final decision within sixty (60) days of receipt of complainant's request. *[emphasis supplied]*

For many reasons, the agency failed to comply with all of the Commission's order. In the first instance, the Commission directed the agency to combine the two complaints and re-adjudicate them "as a consolidated claim." The Order defined the remanded matter as "all of the claims raised" in the two complaints plus two issues that were ignored by the agency, *i.e.*, the "RIF claim" and the 1996 performance rating claim. The agency, however, issued separate decisions, failed to "re-adjudicate" the complaints as a consolidated complaint, and did not complete its processes within 180 days.[6] In fact, the agency repeated the earlier improper fragmentation.

In addition, although the cover page of the Supplemental Report of Investigation (SROI) identified both complaints, review of the SROI reveals that no attempt was made to combine the two complaints and investigate them as a consolidated claim of harassment, *i.e.*, no new witnesses, such as complainant's former co-workers, other supervisors, higher-level managers, or personnel specialists, were interviewed; no new medical evidence was sought to show the progress of complainant's cognitive abilities; no attempt to intermingle the events identified in both complaints was made; and, as for the two issues ignored by the agency, only limited historical documentation was included.[7] The only "new" material in the SROI was a statement

---

[5] It is not clear that the agency notified complainant of her right to request either a hearing or a final decision without a hearing.

[6] The Commission's decision became final thirty days following its issuance on July 14, and the agency was given 180 days to comply. We note that the agency's letter to complainant was dated July 8, the investigator received the case on August 2, and the report of investigation is dated June 26, 2003. The 180-day period expired about January 15, 2003.

[7] For example, although the record shows that complainant's position was targeted, the SROI does not contain an explanation of why her position was subjected to the RIF.

from S1, who largely reiterated her previous statements, and a statement from an agency witness addressing the RIF process in general terms.[8] Complainant submitted briefs and statements to the record, including her rebuttal statements in the SROI, and neither the investigator nor the agency investigated or answered any of the matters she raised.

Our decision of July 14, 2002, held that the agency erred when it failed to consolidate C1 and C2 into a single claim of harassment/hostile work force, and that claim required different treatment than traditional disparate treatment claims.[9] This decision finds that the agency has not yet complied with the Order from that decision. Although we are reluctant to remand these complaints, to avoid additional fragmentation of complainant's EEO claims, we are left with no option other than to do so. The agency is hereby notified that if it fails to comply with the Commission's Order below, or show good cause why it cannot do so, the Commission may draw an adverse inference against the agency, issue a decision fully or partially in favor of the complainant, or take such other action(s) as appropriate. 29 C.F.R. § 1614.404(c).

## CONCLUSION

Accordingly, the agency's decisions are VACATED. The agency is ordered to comply with the Order below.

## ORDER TO SUPPLEMENT THE RECORD

A.  Within fifteen (15) days of the date this decision becomes final, the agency shall acknowledge to the complainant that it has received the remanded claims and that it will issue a consolidated decision on her claim of harassment/hostile work environment consisting of all of the allegations raised by complainant in complaint #97(183) and complaint #98(093), including the "RIF claim" and the 1996 performance rating claim.

B.  Within ninety (90) calendar days of the date this decision becomes final, the agency (1) shall conduct and complete a second supplemental investigation addressing all of complainant's claims as a consolidated complaint alleging a pattern of harassment/hostile work environment discrimination, (2) shall transmit the report to complainant, and (3) shall notify complainant of the appropriate rights pursuant to 29 C.F.R. § 1614.108(f), unless the matter is otherwise resolved prior to that time. If complainant requests a final decision without a hearing, the agency shall issue a final decision within thirty (30) days of receipt of complainant's request.

---

[8] The SROI informed that S2 died in 1999.
[9] *See, e.g., Enforcement Guidance on Harris v. Forklift Systems, Inc.*, EEOC Notice No. 915.002 (March 8, 1994); *Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57 (1986); *Flowers v. Southern Reg'l Physician Serv. Inc.*, 247 F.3d 229 (5th Cir. 2001); *Fox v. General Motors Corp.*, 247 F.3d 169 (4th Cir. 2001); *Henson v. City of Dundee*, 682 F.2d 897 (11th Cir. 1982); *Rideout v. Department of the Army*, EEOC Appeal No. 01933866 (November 22, 1995).

C.   In accordance with Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (November 9, 1999), the agency shall give priority to this remanded matter in order to comply with the time frames contained in this Order. The Office of Federal Operations might issue sanctions against the agency if it determines that it is not acting in good faith and making reasonable efforts to comply with the Commission's Order.

D.   The agency is further directed to submit a report of compliance, as provided in the statement entitled "Implementation of the Commission's Decision." The report shall include all documentation generated by this Order To Supplement The Record and any other relevant documents demonstrating that the agency has complied with this Order.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. See 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. See 29 C.F.R. § 1614.409.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.   The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.   The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (R0900)

This is a decision requiring the agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. In the alternative, you may file a civil action after one hundred and eighty (180) calendar days of the date you filed your complaint with the agency, or filed your appeal with the Commission. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. Filing a civil action will terminate the administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your

time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations

___SEP 1 2 2007___
Date

8                                        0120062364

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Carolyn E. Williams
8931 Town Center Cir, #308
Upper Marlboro, MD  20774

Poli Marmolejos, Director
Office of Civil Rights
Department of Energy
1000 Independence Ave., SW  4B-112 Forr
Washington, DC  20585

Matthew Fogg
P.O.B. 30956
Washington, DC 20030-0956

SEP 1 2 2007
Date

_____
Equal Opportunity Assistant



# Department of Energy
Washington, DC 20585

September 25, 2007

Ms. Carolyn Williams
8931 Towne Center Circle, Unit 308
Upper Marlboro, MD 20774

DOE Case No. 97(183) & 98 (093)HQ-DP
EEOC Docket No. 0120062364

Dear Ms. Williams:

This is in reference to a decision from EEOC's Office of Federal Operations dated September 12, 2007, vacating and remanding the above referenced complaints for a supplemental investigation. In its decision, the EEOC ordered, within ninety (90) days of our receipt or September 21, 2007, a second supplemental investigation addressing all claims as a consolidated complaint alleging a pattern of harassment/hostile work environment discrimination. In this connection, we will shortly assign this to an EEO Investigator for investigation.

If you have any questions, please contact Frank J. Vaccarella at 202-586-8212.

Sincerely,

Poli A. Marmolejos
Director
Office of Civil Rights and Diversity

cc:
Matthew Fogg
P.O. Box 30956
Washington, DC 20030-0956

Kensington Associates, LLC

EEOC
Office of Federal Operations

*Exhibit A Attachment II*

Printed with soy ink on recycled paper

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Carolyn E. Williams,
Complainant,

v.

Samuel W. Bodman,
Secretary,
Department of Energy,
Agency.

Request No. 0520060694[1]

Appeal No. 01a60100

Hearing No. 100a27834x

Agency No. 0167HQEIA

## DENIAL

Both complainant and the agency timely requested reconsideration of the decision in *Carolyn E. Williams v. Department of Energy*, EEOC Appeal No. 01a60100 (April 5, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

Complainant filed two complaints of discrimination, which alleged discrimination on the bases of race (African-American), sex (female), age (55) and in reprisal for prior EEO activity when:

1) while she was on detail, she performed the duties of a GS-11, but was paid at the GS-9 grade level;
2) she received a lower performance appraisal than she deserved;

---

[1] Due to a new data system, your case has been re-designated with the above referenced appeal number.

2

0520060694

3) she was threatened by her second-level supervisor (S2) when he stated that her federal career would be affected by her EEO activity;
4) she was threatened and verbally intimidated at meetings with her supervisor (S1) (Black, female, prior EEO activity unknown);
5) she received unnecessary and arbitrary assignments so that she would fail to meet her performance deadlines;
6) management exhibited a harassing behavior toward her such that she was forced to leave the building and was placed on involuntary leave for six months;
7) she was placed on a performance improvement plan, denied training and made to sit in an open area;
8) management changed her assigned telephone number and voice mail;
9) management disconnected her computer;
10) management downgraded her security clearance;
11) management informed her that she was occupying a temporary position and that she would be performing different job duties;
12) management packed 12 boxes of her office items and placed them in an open area; and
13) management made harassing and intimidating statements to her and allowed her insufficient time to read a 16-page document.

After a hearing, the AJ issued a decision finding that complainant was retaliated against when, on one occasion, her supervisor told her that "the complaints would be dismissed, and if she wanted to get ahead, doing this would only make it worse for her." The agency thereafter issued a decision implementing the AJ's decision, and complainant appealed. Just prior to her appeal of the agency's final decision, complainant petitioned the AJ for attorney's fees.

On October 5, 2005, the AJ issued an Order denying complainant's request for attorney's fees because she was not a prevailing party. On October 17, 2005, the agency issued a final decision affirming the AJ's decision as to attorney's fees. Complainant did not appeal this decision.

In our prior decision on the merits, we found substantial evidence in the record to support the AJ's decision, and ordered the agency to consider discipline, provide training, and post a notice. Our decision also contained a paragraph advising the parties as to the procedures for awarding attorney's fees.

In her Request, complainant states that the AJ failed to conduct proper discovery. In its own Cross-Request, the agency contends that our order advising complainant as to her attorney fee rights was not correct because, in a subsequent decision, the AJ found complainant was not a prevailing party, and not entitled to attorney's fees. See Agency's Brief on Reconsideration, at p. 2.

After reconsidering the previous decision and the entire record, the Commission finds that the requests fail to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the

3

0520060694

Commission to deny the requests. Neither party presented sufficient evidence that the prior decision or its order involved a clearly erroneous interpretation of material law or fact. With respect to complainant, the discovery requests she raised in her Request are largely based on irrelevant information. Accordingly, we find the AJ's discovery rulings were not in error.

As for the agency's argument on attorney's fees, we find no evidence that complainant is currently arguing an entitlement to attorney's fees. The record shows that in a decision dated October 5, 2005, the AJ found complainant was not a prevailing party and not entitled to attorney's fees. Complainant was provided with an agency final decision on October 17, 2005, and a right to appeal this decision, but she did not. Furthermore, we noted in our prior decision that complainant did not dispute the remedial award made by the AJ. In light of complainant's failure to appeal the attorney's fee decision, as well as her failure to raise the issue on appeal, we find the matter denying attorney's fees has been adjudicated and is final. The paragraph discussing attorney's fees in our prior decision is not operative given the AJ's decision on attorney's fees, which was not contained in the record at the time the Commission's previous decision was made, and it will not be included herein.

Accordingly, we find complainant and the agency failed to establish the requirements for reconsideration. The decision in EEOC Appeal No. 01A60100 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## ORDER (C0900)

The agency is ordered to take the following remedial action within thirty (30) calendar days from the date this decision becomes final:

1. The agency shall consider taking appropriate disciplinary action against S2. The Commission does not consider training to be disciplinary action. The agency shall report its decision to the compliance officer. If the agency decides to take disciplinary action, it shall identify the action taken. If the agency decides not to take disciplinary action, it shall set forth the reason(s) for its decision not to impose discipline. If S2 has left the agency's employ, the agency shall furnish documentation of his departure date.

2. The agency shall require S2 to undergo 8 hours of training in the requirements of Title VII, with emphasis on the prohibition against retaliation; and

3. The agency shall post a notice of discrimination as set forth below.

The agency is further directed to submit a report of compliance, as provided in the statement entitled "Implementation of the Commission's Decision." The report shall include supporting documentation verifying that the corrective action has been implemented.

## IMPLEMENTATION OF THE COMMISSION'S DECISION (K0501)

Compliance with the Commission's corrective action is mandatory. The agency shall submit its compliance report within thirty (30) calendar days of the completion of all ordered corrective action. The report shall be submitted to the Compliance Officer, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. The agency's report must contain supporting documentation, and the agency must send a copy of all submissions to the complainant. If the agency does not comply with the Commission's order, the complainant may petition the Commission for enforcement of the order. 29 C.F.R. § 1614.503(a). The complainant also has the right to file a civil action to enforce compliance with the Commission's order prior to or following an administrative petition for enforcement. *See* 29 C.F.R. §§ 1614.407, 1614.408, and 29 C.F.R. § 1614.503(g). Alternatively, the complainant has the right to file a civil action on the underlying complaint in accordance with the paragraph below entitled "Right to File A Civil Action." 29 C.F.R. §§ 1614.407 and 1614.408. A civil action for enforcement or a civil action on the underlying complaint is subject to the deadline stated in 42 U.S.C. 2000e-16(c) (1994 & Supp. IV 1999). If the complainant files a civil action, the administrative processing of the complaint, including any petition for enforcement, will be terminated. *See* 29 C.F.R. § 1614.409.

## POSTING ORDER (G0900)

The agency is ordered to post at its Washington D.C. facility copies of the attached notice. Copies of the notice, after being signed by the agency's duly authorized representative, shall be posted by the agency within thirty (30) calendar days of the date this decision becomes final, and shall remain posted for sixty (60) consecutive days, in conspicuous places, including all places where notices to employees are customarily posted. The agency shall take reasonable steps to ensure that said notices are not altered, defaced, or covered by any other material. The original signed notice is to be submitted to the Compliance Officer at the address cited in the paragraph entitled "Implementation of the Commission's Decision," within ten (10) calendar days of the expiration of the posting period.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

5

0520060694

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

FEB 0 8 2007
Date

Rec. Feb. 14, 2007

6

0520060694

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Carolyn E. Williams
8931 Town Ctr Cir
#308
Largo, MD 20774

Poli Marmolejos, Director
Office of Civil Rights
Department of Energy
1000 Independence Ave., SW 4B-112 Forr
Washington, DC 20585

Matthew Fogg
P.O.B. 30956
Washington, D.C. 20030-0956

FEB 0 8 2007
_____
Date

_____
Equal Opportunity Assistant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN E. WILLIAMS, ) | Civil Action No 07cv901 (**RBW**) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SAMUEL BODMAN, ) | |
| Secretary ) | |
| U. S. Department of Energy, et al. ) | |
| ) | |
| Defendants, ) | |
| _____) | |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion for a Court appointed Attorney, it is this 19th day of October, 2007, hereby

ORDER that the Motion for a Court appointed attorney is Granted

———————————————
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE

8