UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN E. WILLIAMS, | ) |
|        Plaintiff | ) |
| v. | ) Civil Action No. 07-901 (RBW) |
| SAMUEL BODMAN, Secretary for the United States Department of Energy, et al. | ) |
|        Defendants, | ) |

**ORDER**

Carolyn E. Williams, a former employee at the United States Department of Energy (the "DOE") and the plaintiff in this civil suit, seeks compensatory damages and injunctive relief against Samuel Bodman, the Secretary for the DOE, Stephen F. Durbin, the Director of the Office of Resource Management, the Energy Information Administration, and Andre Fordham, "formerly of the Office of Labor Relations, DOE," under the Civil Rights Act of 1964, as amended in 1992, 42 U.S.C. § 2000e-16 (2001), based on the defendants' alleged "discriminatory threat to [the plaintiff's] federal career because of her protected Equal Employment Opportunity [] activity, denial of a promotion, [and] place[ment] on a Performance Improvement Plan[] after being ordered out of her job for over six months and having her building access terminated." Complaint at 1. On September 4, 2007, the defendants filed a motion to dismiss the plaintiff's Complaint pursuant to Federal Rules of Civil Procedure

1

12(b)(1), 12(b)(6), and 12(f). Defendants' Motion to Dismiss at 1. Based on the plaintiff's failure to respond in a timely manner to the defendants' motion, the Court entered an order on October 22, 2007, directing the defendant to file her opposition to the motion, if any, by November 21, 2007.

Unbeknownst to the Court, the plaintiff filed two motions on October 19, 2007, that were not reflected on the Court's docket until later in the afternoon on October 22, 2007. In her first motion, entitled Plaintiff's Consent Motion for Dis[]missal without Prejudice or an Enlargement of Time to Prepare with New Attorney (the "Voluntary Dismissal Motion"), the plaintiff requests that the Court "dismiss the current [c]omplaint[] [w]ithout [p]rejudice due to unexhausted [a]dministrative remedies directly related to matters now before this Court." Id. at 1. In the alternative, the plaintiff requests "an extension of [forty-five] days to prepare" her opposition to the defendants' dismissal motion. Id.

In her second motion, entitled Plaintiff's Motion for a Court[-]Appointed Lawyer to Prepare the Motion Not to Dismiss (the "Motion to Appoint Counsel"), the plaintiff "respectfully requests and [p]leads to this Court that due to her economic status [] the Court [] appoint her an attorney." Id. at 2. The plaintiff represents in this motion that her prior counsel, who has never entered an appearance in this case, "was gravely ill" at the time of the plaintiff's filing of this suit and "has since passed." Id. at 1. According to the plaintiff, she "has paid [already] legal fees totaling $20,000[]" and cannot afford to pay for further legal representation.

The plaintiff's requests contradict each other. If, as the plaintiff requests, the Court were to dismiss this case without prejudice, it could not appoint an attorney to represent her on a pro bono basis because there would be no case before the Court in which the attorney could enter an

appearance.  Moreover, it is far from clear that the plaintiff understands the possible consequences of voluntarily dismissing her case, including the timeliness of any future action that the plaintiff might bring.  The Court will therefore defer ruling on the plaintiff's request for voluntary dismissal until the plaintiff has had an opportunity to obtain new representation, pro bono or otherwise.

     As for the plaintiff's request for pro bono counsel, the Court cannot direct the Clerk of the Court to appoint such counsel unless and until the plaintiff has been granted leave to proceed in forma pauperis before this Court.  See Local Civ. R. 83.11(b)(3) (permitting appointment of pro bono counsel only "[w]hen leave has been granted . . . for a pro se litigant to proceed in forma pauperis").  Although the representations made in the plaintiff's Motion to Appoint Counsel suggest that she may qualify for in forma pauperis status, the plaintiff will need to "submit[] an affidavit that includes a statement of all assets [she] possesses [and] that [states that she] is unable to pay [the filing] fees [required by this Court] or give security therefor" before it can grant the plaintiff in forma pauperis status.  28 U.S.C. § 1915(a).  The plaintiff can satisfy this statutory requirement by filing an affidavit with the Court that satisfies the criteria of § 1915(a) or by filing a completed version of the Official Form for seeking in forma pauperis relief developed by the Administrative Office of the United States Courts.[1]

     The Court recognizes that it may take some time for the plaintiff to complete and file an application to proceed in forma pauperis or, alternatively, to hire new counsel to represent her in this matter.  At the same time, the Court is mindful of the interests of the defendants in resolving

---

[1] For the convenience of the plaintiff, a copy of this Official Form is attached to this order.  In addition, copies of the Official Form are available at the Court's website at http://www.dcd.uscourts.gov/AO-240.pdf.

this matter in an expeditious manner, and of the Court's own need to administer its dockets in a timely manner. The Court will therefore grant the plaintiff forty-five days to either (1) complete and file an application to proceed in forma pauperis or (2) retain a new attorney and have that attorney enter an appearance with this Court. The Court will then consider anew the plaintiff's Voluntary Dismissal Motion once a new attorney has been appointed or retained or once the plaintiff has failed to act within the forty-five day period discussed above. Finally, the Court will vacate its prior order directing the plaintiff to file her opposition to the defendants' motion to dismiss, if any she intends to file, no later than November 21, 2007, and will stay the resolution of the defendants' motion to dismiss until the issues concerning the plaintiff's representation by an attorney discussed herein have reached some type of resolution.

It is therefore

**ORDERED** that the Court's order entered on October 22, 2007, directing the plaintiff to file her opposition, if any, to the Defendants' Motion to Dismiss on or before November 21, 2007 is **VACATED**. It is further

**ORDERED** that the resolution of the Defendants' Motion to Dismiss and the Plaintiff's Consent Motion for Dis[]missal without Prejudice or an Enlargement of Time to Prepare with New Attorney are **STAYED** pending further order of the Court. It is further

**ORDERED** that the resolution of the Plaintiff's Motion for a Court[-]Appointed Lawyer to Prepare the Motion Not to Dismiss is **STAYED** until December 7, 2007, and the plaintiff is advised that such motion shall be denied unless the plaintiff has filed an application to proceed in forma pauperis by December 7, 2007, or, alternatively, has retained new counsel who has entered

an appearance before this Court by December 7, 2007, in which case the motion shall be dismissed as moot. It is further

**ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending further order of the Court.

**SO ORDERED** this 23rd day of October, 2007.

                                      REGGIE B. WALTON
                                      United States District Judge

≈AO 240  (Rev. 10/03)

# UNITED STATES DISTRICT COURT

**District of** COLUMBIA

_____  
Plaintiff

V.

_____  
Defendant

**APPLICATION TO PROCEED  
WITHOUT PREPAYMENT OF  
FEES AND AFFIDAVIT**

CASE NUMBER:

I, _____ declare that I am the (check appropriate box)

☐ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?        ☐ Yes        ☐ No        (If "No," go to Part 2)

    If "Yes," state the place of your incarceration _____

    Are you employed at the institution? _____  Do you receive any payment from the institution? _____

    Attach a ledger sheet from the institution(s) of your incarceration showing at least the past **six** months' transactions.

2. Are you currently employed?        ☐ Yes        ☐ No

    a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)

    b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

    a. Business, profession or other self-employment       ☐ Yes       ☐ No
    b. Rent payments, interest or dividends                ☐ Yes       ☐ No
    c. Pensions, annuities or life insurance payments      ☐ Yes       ☐ No
    d. Disability or workers compensation payments         ☐ Yes       ☐ No
    e. Gifts or inheritances                               ☐ Yes       ☐ No
    f. Any other sources                                   ☐ Yes       ☐ No

    If the answer to any of the above is "Yes," describe, on the following page, each source of money and state the amount received and what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)

4.  Do you have **any** cash or checking or savings accounts?    ☐ Yes    ☐ No

    If "Yes," state the total amount. _____

5.  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?    ☐ Yes    ☐ No

    If "Yes," describe the property and state its value.

6.  List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

I declare under penalty of perjury that the above information is true and correct.

_____    _____
Date                      Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.