UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAROLYN E. WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-901 (RBW) |
| SAMUEL BODMAN, Secretary for Department of Energy, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

Carolyn E. Williams, a former employee at the United States Department of Energy (the "DOE") and the plaintiff in this civil suit, seeks compensatory damages and injunctive relief against Samuel Bodman, the Secretary for the DOE, Stephen F. Durbin, the Director of the Office of Resource Management, the Energy Information Administration, and Andre Fordham, "formerly of the Office of Labor Relations, DOE," under the Civil Rights Act of 1964, as amended in 1992, 42 U.S.C. § 2000e-16 (2001), based on the defendants' alleged "discriminatory threat to [the plaintiff's] federal career because of her protected Equal Employment Opportunity [] activity, denial of a promotion, [and] place[ment] on a Performance Improvement Plan[] after being ordered out of her job for over six months and having her building access terminated." Complaint at 1. On September 4, 2007, the defendants filed a motion to dismiss the plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f). Defendants' Motion to Dismiss at 1. In response to that motion,

the plaintiff filed separate motions on October 19, 2007, in which she (1) requested that the Court dismiss her case, Plaintiff's Consent Motion for Dis[]missal without Prejudice or an Enlargement of Time to Prepare with New Attorney (the "Voluntary Dismissal Motion") at 1, and (2) asked the Court to appoint pro bono counsel to represent her, Plaintiff's Motion for a Court[-]Appointed Lawyer to Prepare the Motion Not to Dismiss (the "Motion to Appoint Counsel") at 2.

In an order entered on October 23, 2007, the Court stayed the defendants' motion to dismiss and the plaintiff's Voluntary Dismissal Motion pending further order from the Court. The Court also stayed the Motion to Appoint Counsel until December 7, 2007, by which time the Court required the plaintiff to file an application to proceed in forma pauperis (a precondition to the appointment of pro bono counsel under the Court's local rules) or the Court would deny the Motion to Appoint Counsel. The plaintiff filed an application to proceed in forma pauperis on November 21, 2007.

Having carefully reviewed the plaintiff's application to proceed in forma pauperis, the Court concludes that it must deny her application. The financial records attached by the plaintiff to her application disclose a monthly gross income of $2,129.60, or $25,555.20 per year–more than twice the applicable poverty guideline for 2007 provided by the Department of Health and Human Services. See The 2007 HHS Poverty Guidelines: One Version of the U.S. Federal Poverty Measure, http://aspe.hhs.gov/poverty/07poverty.shtml (last visited November 28, 2007) (listing $10,210 as the 2007 poverty guideline for a person with one dependent in the contiguous United States and the District of Columbia). Moreover, the plaintiff has owned a condominium

worth approximately $250,000 since 1999, which she could presumably refinance if necessary to cover the minimal filing fees and expenses charged by the Court.

The Court's local rules ensure that, at least for civil lawsuits, only those parties so impoverished that they cannot afford the Court's filing fees and expenses qualify for the appointment of <u>pro</u> <u>bono</u> counsel. The plaintiff does not meet this standard for relief. While the Court sympathizes with the plaintiff's obvious difficulty in paying the fees that a competent attorney would charge to represent her in this case, it cannot shift that burden to the taxpayer absent the kind of extraordinary circumstances that would warrant a finding that the plaintiff was <u>in</u> <u>forma</u> <u>pauperis</u> in the first place. The Court must therefore deny the plaintiff's Motion to Appoint Counsel as well.

Finally, there is no need to stay the defendants' motion to dismiss or the plaintiff's Voluntary Dismissal Motion now that it is clear that the plaintiff is ineligible for <u>pro</u> <u>bono</u> assistance. Nevertheless, the Court will defer ruling on the Voluntary Dismissal Motion for another month to afford the plaintiff the opportunity to withdraw that motion if, having reconsidered her situation, the plaintiff no longer wishes to dismiss her own case. The Court will also grant the plaintiff additional time to respond to the defendants' motion to dismiss in the event that she decides to withdraw her Voluntary Motion to Dismiss.

Accordingly, it is

**ORDERED** that the plaintiff's Application to Proceed without Prepayment of Fees and Affidavit and the Plaintiff's Motion for a Court[-]Appointed Lawyer to Prepare the Motion Not to Dismiss are **DENIED**. It is further

**ORDERED** that the resolution of the Plaintiff's Consent Motion for Dis[]missal without Prejudice or an Enlargement of Time to Prepare with New Attorney is **STAYED** until January 4, 2008, at which time the Court shall grant the motion without further notice to the parties unless the plaintiff withdraws the motion prior to that time. It is further

**ORDERED** that if the plaintiff decides to withdraw her Consent Motion for Dis[]missal without Prejudice or an Enlargement of Time to Prepare with New Attorney, she shall file her opposition, if any, to the Defendants' Motion to Dismiss on or before February 4, 2008.

**SO ORDERED** this 30th day of November, 2007.

REGGIE B. WALTON  
United States District Judge