UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAROLYN E. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-901 (RBW) |
| | ) | |
| SAMUEL BODMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Carolyn E. Williams, a former employee at the United States Department of Energy (the "DOE") and the plaintiff in this civil suit, seeks compensatory damages and injunctive relief against Samuel Bodman, the Secretary for the DOE, Stephen F. Durbin, the Director of the Office of Resource Management, the Energy Information Administration, and Andre Fordham, "formerly of the Office of Labor Relations, DOE," under the Civil Rights Act of 1964, as amended in 1992, 42 U.S.C. § 2000e-16 (2001), based on the defendants' alleged "discriminatory threat to [the plaintiff's] federal career because of her protected Equal Employment Opportunity [] activity, denial of a promotion, [and] place[ment] on a Performance Improvement Plan[] after being ordered out of her job for over six months and having her building access terminated." Complaint at 1. On September 4, 2007, the defendants filed a motion to dismiss the plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f). Defendants' Motion to Dismiss at 1. In response to that motion,

1

the plaintiff filed separate motions on October 19, 2007, in which she (1) requested that the Court dismiss her case, Plaintiff's Consent Motion for Dis[]missal without Prejudice or an Enlargement of Time to Prepare with New Attorney (the "Voluntary Dismissal Motion") at 1, and (2) asked the Court to appoint pro bono counsel to represent her, Plaintiff's Motion for a Court[-]Appointed Lawyer to Prepare the Motion Not to Dismiss (the "Motion to Appoint Counsel") at 2.

In an order entered on October 23, 2007, the Court stayed the defendants' motion to dismiss and the plaintiff's Voluntary Dismissal Motion pending further order from the Court. The Court also stayed the Motion to Appoint Counsel until December 7, 2007, by which time the Court required the plaintiff to file an application to proceed in forma pauperis (a precondition to the appointment of pro bono counsel under the Court's local rules) or the Court would deny the Motion to Appoint Counsel. The plaintiff filed an application to proceed in forma pauperis on November 21, 2007.

The Court denied the plaintiff's application to proceed in forma pauperis and Motion to Appoint Counsel in an order entered on November 30, 2007 (the "November 30 Order"). The Court further explained in that order that there was no longer any "need to stay the defendants' motion to dismiss or the plaintiff's Voluntary Dismissal Motion" because it was "clear that the plaintiff is ineligible for pro bono assistance," but nevertheless "defer[red] ruling on the Voluntary Dismissal Motion for another month to afford the plaintiff the opportunity to withdraw that motion if, having reconsidered her situation, the plaintiff no longer wishe[d] to dismiss her own case." November 30 Order at 3. The Court also "grant[ed] the plaintiff additional time to respond to the defendants' motion to dismiss in the event that she decide[d] to withdraw her

Voluntary Motion to Dismiss." Id.  The Court therefore directed the plaintiff to notify the Court as to whether she wished to withdraw her Voluntary Motion to Dismiss on or before January 4, 2008, and to file an opposition to the defendants' motion to dismiss on or before February 4, 2008, if she decided to withdraw her motion.  Id. at 4.

On January 3, 2008, the plaintiff filed a document entitled "Plaintiff[']s Motion Not to Dismiss" (the "Pl.'s Notice"), in which she withdrew her Voluntary Motion to Dismiss and indicated that she would "file her opposition to the [d]efendants' [m]otion to [d]ismiss on or before February 4, 2008." Pl.'s Notice at 1.  Although the plaintiff attached several documents pertaining to the merits of her suit to this filing, she did not address any of the arguments raised by the defendants in their motion to dismiss.  See id. at 1-5 (recapitulating the plaintiff's factual allegations and some of the procedural history of this case).  The Court therefore construed the document as a notice of withdrawal of the plaintiff's Voluntary Motion to Dismiss, and awaited the plaintiff's opposition to the defendants' motion on February 4, 2008.

The defendant did not, however, file an opposition to the defendants' motion on February 4, 2008.  Instead, she filed a document entitled "Plaintiff's Motion to Withdraw Her Motion Dated 3 January 2008 and Stay the Court Order Dated November 30, 2007" (the "Pl.'s Mot.").  In this filing, the plaintiff states that she "did not fully understand the Court's [November 30 Order]" when she filed her notice on January 3, 2008, and now wishes to withdraw her prior notice and stay the Court's November 30 Order, which, according to the plaintiff, "grant[ed] [the p]laintiff's [Voluntary Dismissal Order]."  Pl.'s Mot. at 1.

The plaintiff's latest motion suggests that she is confused as to the meaning of the Court's November 30 Order.  Contrary to the plaintiff's suppositions, the Court did not grant the

plaintiff's Voluntary Dismissal Order in its November 30 Order, but it <u>did</u> direct the plaintiff to file her opposition to the defendants' motion to dismiss by February 4, 2008, if she withdrew her Voluntary Motion to Dismiss beforehand.  Although the Court is itself somewhat confused as to how the plaintiff could have apparently understood its November 30 Order when she filed her notice on January 3, 2008, and then misunderstood the order when her opposition was due a month later, it recognizes that the plaintiff should be given the benefit of the doubt in this situation, particularly in light of her <u>pro se</u> status.

The Court will therefore grant the plaintiff another thirty days in which to file her opposition to the defendants' motion to dismiss.  However, the Court is not inclined to grant any further extensions to the plaintiff absent extraordinary circumstances given the length of time already afforded to the plaintiff to file her opposition.  <u>If the plaintiff does not file her opposition by the date set forth below, the Court will treat the defendants' motion as conceded and dismiss the plaintiff's complaint in its entirety without further notice to the plaintiff</u>.

It is therefore

**ORDERED** that the Plaintiff[']s Motion Not to Dismiss is **GRANTED**.  It is further

**ORDERED** that the Plaintiff's Motion to Withdraw Her Motion Dated 3 January 2008 and Stay the Court Order Dated November 30, 2007, is **DENIED**.  It is further

**ORDERED** that the plaintiff shall file her opposition to the defendants' motion to dismiss on or before March 10, 2008.

**SO ORDERED** this 8th day of February, 2008.


                                              REGGIE B. WALTON
                                              United States District Judge