UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROLYN WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 07cv901 (RBW) |
| | ) |
| SAMUEL BODMAN, | ) |
|  Secretary | ) |
| U.S. Department of Energy, et al. | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS**

In her Opposition to Defendants's Motion to Dismiss, Plaintiff raises numerous scandalous allegations that far exceed the basis of Defendants' motion, and are improper in this context. Plaintiff even attaches expunged records in an attempt to smear a former employee who did not engage in any conduct against Plaintiff's interests. Out of the 13 pages that make up her Opposition, only 9 lines on one page actually address the Defendants' motion, while the remaining pages focus on how she believes the agency's treatment of her violated MSPB rules. Because Plaintiff has failed to demonstrate that her civil action was timely, and has further failed to satisfy the requirements for equitable tolling in light of the fact that she was never misled by any party or by the Court, but rather was represented by competent legal counsel in the administrative proceedings, the Court should grant Defendants' motion.

**I.  DEFENDANTS' REQUEST THAT COUNTS TWO AND THREE SHOULD BE STRICKEN AND THAT THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED AS PARTIES SHOULD BE GRANTED AS CONCEDED.**

Preliminarily, it must be noted that Plaintiff failed to dispute Defendants' showing that the individual defendants, Stephen F. Durbin and Andre Fordham, should be dismissed as named

defendants, and further failed to dispute Defendants' assertion that Counts Two and Three of the Complaint are redundant and should be dismissed.

II. **PLAINTIFF HAS FAILED TO SET FORTH ANY CIRCUMSTANCES WARRANTING THE EQUITABLE TOLLING OF THE TIME LIMITS FOR FILING A CIVIL ACTION.**

In only one paragraph in her Opposition, Plaintiff asserts that the time period for filing her civil action should be equitably tolled because the agency had filed a limited appeal to the EEOC seeking clarification as to attorney's fees which she incorrectly believed opened up the entire matter. Nevertheless, Plaintiff, who was represented by legal counsel during the administrative proceedings, makes no allegation that any party acted in a manner so as to mislead her as to her rights and duties. Because she has failed to demonstrate facts sufficient to support the equitable tolling of the filing deadline, Plaintiff's complaint is untimely and should be dismissed.

    A. **Standards for Equitable Tolling.**

Equitable tolling of time deadlines that operate like a statute of limitations, such as those under Title VII, is permissible only in narrowly tailored circumstances. Irwin v. Department of Veteran's Affairs, 498 U.S. 89, 95-96 (1990) ("federal courts have typically extended equitable relief only sparingly.... We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights"). Plaintiff bears the burden of pleading and proving equitable reasons for failure to comply with this requirement. Bayer v. U.S. Department of Treasury, 956 F.2d 330, 333 (D.C. Cir. 1992); Smith v. Dalton, 971 F. Supp. 1, 3 (D.D.C. 1997). The power to equitably toll a statute of limitation, however, is "exercised only in extraordinary and carefully circumscribed instances." Smith-Haynie v.

District of Columbia, 155 F.3d 575, 580 (D.C. Cir. 1998) (internal quotations and citation omitted).

The standards for determining if equitable tolling is to be applied in circumstances involving the failure to timely file a civil complaint under Title VII are set forth by the Supreme Court in Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984) (*per curiam* ).  In that case, the Court stated that equitable tolling would be proper in "a case in which a claimant has received inadequate notice, ... or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, ... or where the court has led the plaintiff to believe that she ha[s] done everything required of her ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction."  Id. at 151.  See Bowden v. U.S., 106 F.3d 433, 438 (D.C. Cir. 1997) ("courts have excused parties, particularly those acting *pro se,* who make diligent but technically defective efforts to act within a limitations period, . . . . who were misled about the running of a limitations period, whether by an adversary's actions, . . . by a government official's advice upon which they reasonably relied, . . . or by inaccurate or ineffective notice from a government agency required to provide notice of the limitations period," or "when complainants neither knew nor had reason to know about the limit") (citations omitted); see also Glenn v. Williams, 2006 WL 401816, slip op. at 10 (D.D.C. Feb 21, 2006)  ("The four circumstances this Circuit has recognized in which a court may properly allow for equitable tolling in Title VII cases are where a claimant has received inadequate notice, where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, where the court has led the plaintiff to believe that she had done everything required of her, or where affirmative misconduct

on the part of a defendant lulled the plaintiff into inaction.") (*citing* Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir.1988)).  None of these circumstances are applicable to Plaintiff's situation.

  **B.**  **Plaintiff Has Failed to Demonstrate the Factors Requiring Equitable Tolling.**

  EEOC regulations specifically provide that a decision by the EEOC is final within the meaning of §1614.407 (governing the filing of civil actions) unless the EEOC **grants** a motion for reconsideration.  29 C.F.R. §1614.405(b) (emphasis added).  To grant reconsideration, a party must demonstrate that the prior EEOC decision "(1) . . . involved a clearly erroneous interpretation of material fact or law; or (2) . . . will have a substantial impact on the policies, practices or operations of the agency."  29 C.F.R. § 1614.405(b).  Thus, unless the EEOC **grants** a properly raised request for reconsideration, the deadline requirements of the prior decision govern, and any action filed outside of 90 days from the earlier decision is untimely.

  Here, the EEOC held that the reconsideration requests filed by the agency regarding attorney's fees, as well as Plaintiff's objection to the EEOC's failure to order discovery did not meet the standards of 29 C.F.R. § 1614.405(b), and were not proper for consideration, and denied the requests.  Def. Exh. 7 at 2.  Thus, under EEOC regulations, the filing deadlines pursuant to the initial EEOC decision issued on April 5, 2006 governed, and Plaintiff's civil action was required to be filed on or before July 5, 2006.

  Plaintiff made no allegation that any party acted in a manner so as to mislead her as to her rights and duties.  In fact, Plaintiff was represented by competent legal counsel during the administrative stage of the proceedings, and, accordingly, may properly be charged with knowledge of her duties and time deadlines.  See Service Notations in Def. Exhs. 2, 3, and 4.

See also Irwin, 498 U.S. at 92 (the Court refused to equitably toll the limitations period to file the civil action, stating that "[u]nder our system of representative litigation, 'each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.'") (*quoting* Link v. Wabash R. Co., 370 U.S. 626, 634 (1962)).  Accordingly, Plaintiff failed to comply with the filing requirements of the EEOC regulations, and has failed to demonstrate that the principles of equitable tolling should be extended to Plaintiff here.

Respectfully submitted,


 /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


 /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


 /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 20, 2008, the foregoing Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss was sent, by first-class mail, postage pre-paid, to the Plaintiff, Carolyn Williams, 8931 Town Center Circle, Unit 308, Upper Marlboro, MD 20774.

/s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney